Zimmerman, J.
 

 Counsel for plaintiff, in their briefs and upon oral argument, in seeking a reversal of the-judgment of the Court of Appeals and in support of plaintiff’s right to maintain an action for damages-against the defendant, urge two propositions: (1) That plaintiff did not sustain an “injury” within the-contemplation of the Workmen’s Compensation Act of Ohio, and (2) that if she did, it was not an
 
 *696
 
 “injury” suffered in the course of and arising out of her employment within the purview of such act.
 

 As to the first proposition, this court laid down the following principle of law in the first paragraph of the syllabus in the case of
 
 Malone
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 292, 43 N. E. (2d), 266:
 

 “The term ‘injury’ as used in the Constitution and in Section 1465-68, General Code (117 Ohio Laws, 109), .as amended effective July 10, 1937, comprehends a physical or traumatic damage or harm, accidental in its character in the sense of being the result of a .sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time .and place.”
 

 In view of the definition of the term “injury,” adopted in the
 
 Malone case,
 
 we believe the following statement contained in 42 Ohio Jurisprudence, 651, Section 65, to be accurate:
 

 “* * * any direct, immediate, and violent derangement of the bodily functions, or degenerative changes in tissues, caused by the accidental inhalation of poisonous gases, or by the accidental eating or drinking of poisonous substances, on a specific occasion, in the course of the employment, constitutes a compensable injury within the meaning and operation of the [Workmen’s] Compensation Act.”
 

 This court has held in a number of cases that bodily harm, which occurs to a workman by the sudden, unexpected and unforeseen inhalation of noxious or poisonous gases or fumes, or by contact with a poisonous substance, constitutes a compensable injury within the meaning of the provisions of the Workmen’s Compensation Act of Ohio. In such a situation, compensation is awarded on the basis of the injury and not for the disability or disease which may be attributable thereto.
 
 Industrial Commission
 
 v.
 
 Roth,
 
 
 *697
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463;.
 
 Industrial Commission
 
 v.
 
 Burchard,
 
 112 Ohio St., 372, 147 N. E., 81;
 
 Industrial Commission
 
 v.
 
 Palmer,
 
 126 Ohio St., 251, 185 N. E., 66;
 
 Industrial Commission
 
 v.
 
 Helriggle,
 
 126 Ohio St., 645, 186 N. E., 711;
 
 Industrial Commission
 
 v.
 
 Bartholome;
 
 128 Ohio St., 13, 190 N. E., 193; 42 Ohio Jurisprudence, 649, Section 64.
 

 If the bodily harm resulting from the sudden and unexpected inhalation of poisonous gas is classed as an injury within the purview of the Workmen’s Compensation Act, wé see no valid reason why a prompt and severe disturbance of the normal bodily processes produced by the consumption of tainted food on a particular occasion should not be placed in the same category.
 

 Therefore, in our opinion, ptomaine poisoning, which plaintiff claims to have experienced from eating unwholesome food in defendant’s cafeteria where she worked, is an injury comprehended by the Workmen’s Compensation Act.
 

 Next, was plaintiff’s injury one which occurred in the course of and arose out of her employment?
 

 Although there has been disagreement with respect to its application, the rule formulated and followed by this court in determining whether an injury occurred in the course of and arose out of the employment is that, where the employment had some causal connection with the injury, either through its activities, its conditions or its environment, such injury occurred in the course of and arose out of the employment.
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, 198 N. E., 276; 42 Ohio Jurisprudence, 626, Section 50.
 

 Accordingly, an injury occurs in the course of and arises out of the employment, within the meaning of
 
 *698
 
 the Workmen’s Compensation Act, if such injury followed as a natural incident of the work and as a result of exposure occasioned by the nature, conditions or surroundings' of the employment.
 

 In view of the alleged and admitted fact that, under her contract of hire, plaintiff received meals as part of her compensation for working in the cafeteria operated by the defendant, did her employment and its conditions bear a causal relation to her injury® Or, putting it in another way, did such injury have its origin in a risk connected with the employment and did it flow from that source as a rational consequence?
 

 A rule recognized, and often applied by this court, is that an employee to be entitled to compensation need not necessarily be engaged in the actual performance of work for his employer at the time of an injury. It is sufficient if he is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment. Illustrating the application of the rule are the following cases:
 

 DeCamp
 
 v.
 
 Youngstown Municipal Ry. Co.,
 
 110 Ohio St., 376, 144 N. E., 128, injury received while workman was alighting from a street car and while on way to work, where the furnishing of transportation by employer was a part of the employment contract;
 
 Industrial Commission
 
 v.
 
 Barber,
 
 117 Ohio St., 373, 159 N. E., 363, fatal injury received while employee was on way to work on street maintained by employer;
 
 Industrial Commission
 
 v.
 
 Davison,
 
 118 Ohio St., 180, 160 N. E., 693, injury, resulting in death, occurring immediately before delivering an address incidentally promoting employer’s interests;
 
 Industrial Commission
 
 v.
 
 Henry,
 
 124 Ohio St., 616, 180 N. E., 194, fatal injury after beginning work and while returning thereto after eating breakfast at nearby -restaurant in
 
 *699
 
 accordance with sanctioned custom;
 
 Kasari
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 410, 181 N. E., 809, 82 A. L. R., 1040, fatal injury on employer’s premises while en route to place of work;
 
 Spicer Mfg. Co.
 
 v.
 
 Tucker,
 
 127 Ohio St., 421, 188 N. E., 870, death from infection following vaccination during .working hours which vaccination was ordered by employer;
 
 Outland
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 488, 26 N. E. (2d), 760, fatal injury while at home to procure material for soliciting business for employer;
 
 Parrott
 
 v.
 
 Industrial Commission,
 
 145 Ohio St., 66, 60 N. E. (2d), 660, injury while on premises of employer to collect wages after termination of employment.
 

 A case remarkably similar to the one at bar in certain of its aspects is that of
 
 DeStefano
 
 v.
 
 Alpha Lunch Co. of Boston,
 
 308 Mass., 38, 30 N. E. (2d), 827, where it was held that employees of a restaurant who received meals as a part of their compensation and who contracted trichinosis as an alleged result of eating pork furnished by their employer, which had been insufficiently cooked, sustained personal injuries compensable under the Workmen’s Compensation Act of Massachusetts as “arising out.of and in the course of employment,” and hence such employees could not successfully maintain a-civil action against their employer, protected by the act, for the breach of the implied warranty of the fitness of food.
 

 In the course of the opinion in this Massachusetts case, Mr. Justice Lummus, writing the opinion, remarked :
 

 “Likewise, what happened to the plaintiffs constituted a personal injury ‘arising out of and in the course of * * * [their] employment.’ True, they were not working for the defendant while eating. But their meals were part of their pay, and so were connected with their employment. The risk of injury in the eat
 
 *700
 
 ing of the meals was in principle like the risk of injury in the collection of their pay in money or in other benefits. , Where one of the benefits promised-to an employee by the terms of the employment is transportation to or from work, an injury during that transportation has been held to arise ‘ out of and in the- course of his employment.’ * * *In our opinion the personal injury to the plaintiffs arose out of and in the course of their employment.” Compare"
 
 DeCamp
 
 v.
 
 Youngstown Municipal Ry. Co., supra,
 
 and
 
 Parrott
 
 v.
 
 Industrial Commission, supra.
 

 Another pertinent case is that of
 
 Meyer
 
 v.
 
 Roettele,
 
 64 S. D., 36, 264 N. W., 191, wherein a member of a threshing crew, who as an incident of his employment ate food which was poisoned and died as the result of a disease ensuing therefrom, (was held to have suffered an accidental injury arising out of and in the course of his employment.
 

 In the opinion in that case it was stated: -
 

 , “Nor can the contention that the accident did not arise out of and in the course of the employment be sustained. The mere fact that an employee is not actually engaged at his work at the time of injury does not as a matter of law relieve the employer. Under the terms of employment board was furnished. Decedent was where his employer directed him to be, and, although the partaking of food was personal in character, nevertheless it was so incidental to his employment that the accident did arise out of and in the course of employment, ’ ’
 

 We agree with the reasoning and the conclusions reached in the two cases last cited as they pertain to the question of whether the plaintiff herein-received an injury in the course of and arising out of her employment.
 

 Additional cases bearing on the question, decided
 
 *701
 
 by courts of last resort in other states, are:
 
 Goodyear Aircraft Corp.
 
 v.
 
 Industrial Commission,
 
 62 Ariz., 398, 158 P. (2d), 511;
 
 Flanagan
 
 v.
 
 Charles E. Green & Son,
 
 122 N. J. Law, 424, 5 A. (2d), 742;
 
 Tscheiller
 
 v.
 
 National Weaving Co., Inc.,
 
 214 N. C., 449, 199 S. E., 623.
 

 Based on the pleadings, the injury unexpectedly experienced by plaintiff in eating food, which she claims was contaminated, was an incident growing out of and directly connected with her employment and the conditions thereof and was compensable.
 

 It follows, therefore, that by virtue of the provisions of Section 1465-70, General Code, plaintiff is precluded from successfully maintaining a civil- action for damages against the defendant, and the judgment of the Court of Appeals should be, and hereby is, affirmed. .
 

 Judgment
 
 affirmed.
 

 Weygandt, C. J., Turner, Matthias,- Hart, Sohngen and Stewart, JJ., concur.