REMER, Appellee,

v.

CONRAD, Admr., Bureau of Workers' Compensation,
et al.; Kroger Company, Appellant.

[Cite as *Remer v. Conrad*, 153 Ohio App.3d 507, 2003-Ohio-4096.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1380.

Decided Aug. 1, 2003.

Robert D. Strauss, for appellee.

Robert L. Solt III and Harvey C. Miller, for appellant.

LANZINGER, Judge.

{¶ 1} This accelerated appeal by the Kroger Company ("Kroger") comes to us from the judgment of the Lucas County Court of Common Pleas that granted summary judgment to Joyce Remer and allowed her to participate in the workers' compensation program.

{¶ 2} The facts of this case are not in dispute. On January 13, 1999, Remer was scheduled to begin her 2:00 p.m. shift at Kroger. There was snow and freezing rain that day and the temperature was approximately six degrees Fahrenheit. Remer arrived for work nearly 20 minutes before the start of her shift. At the time, Kroger had a policy that prohibited employees from clocking into work more than eight minutes before their scheduled shift. Finding that she

was too early to clock in, Remer decided to return to her car to go to the bank. While leaving, Remer slipped and fell on ice on the cart ramp at the store entrance, fracturing her left patella.

{¶ 3} Remer filed a workers' compensation claim, which the district hearing officer allowed. This decision was vacated by the staff hearing officer on August 24, 2000. The Industrial Commission refused further review on September 19, 2000, and Remer filed an appeal with the Lucas County Court of Common Pleas on October 13, 2000. Cross-motions for summary judgment were filed by the parties. The trial court found that Remer was within the zone of her employment at the time of her injury and therefore was entitled to participate in the workers' compensation system.

{¶ 4} Kroger sets forth the following sole assignment of error:

{¶ 5} "The trial court erred in granting appellee Joyce Remer's motion for summary judgment and denying appellant The Kroger Company's motion for summary judgment when the undisputed material facts establish Ms. Remer's fall did not occur in the course of her employment with The Kroger Company."

{¶ 6} A review of the trial court's granting of summary judgment is de novo, and, thus, we apply the same standard as the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095.

{¶ 7} This appeal turns on whether Remer was injured while in the course of her employment. An employee is entitled to participate in the workers' compensation fund if the employee sustains an injury, "whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The alleged injury must satisfy both elements: "in the course of" and "arising out of" the employment. *Fisher v. Mayfield* (1990), 49 Ohio St.3d

275, 277, 551 N.E.2d 1271. The phrase "in the course of employment" is used to determine whether the required nexus between the employment relationship and the injurious activity exists and involves the time, place, and circumstances of the injury. *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 120, 689 N.E.2d 917. "The arising out of" element contemplates a causal connection between the injury and the employment. Id. at 121–122, 689 N.E.2d 917, citing *Fisher,* supra, at 277–278, 551 N.E.2d 1271.

{¶ 8} A "totality of the circumstances" test was created to determine whether in a particular case there is a sufficient causal connection between the injury and the employment to justify participation in the workers' compensation fund. *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96. The test requires an analysis of the "facts and circumstances surrounding the accident, including (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Id. at syllabus.

{¶ 9} Kroger argues first that, while Remer may have been on its property, she was not performing an act required by employment and therefore was not in the course of her employment at the time of her injury. In support of this "no benefit" argument that Remer was not acting within the course of her employment, Kroger relies on *Indus. Comm. v. Ahern* (1928), 119 Ohio St. 41, 162 N.E. 272. In *Ahern,* the claimant was employed as a saleslady on the first floor of a department store. A store policy permitted employees to go to other departments before 10:00 a.m. to purchase items for their personal use. Ahern had left the first floor to go to the rug department on the fourth floor to buy a rug. As she was inspecting a rug, it slipped from under her, causing her to fall backwards. The Ohio Supreme Court rejected Ahern's claim for workers' compensation, stating that "in the course of employment" means "an injury sustained in the performance of some required act done directly or indirectly in the service of the employer." *Ahern,* 119 Ohio St. at 45, 162 N.E. 272.

{¶ 10} Since *Ahern,* decided over 70 years ago, the Ohio Supreme Court has altered the "in the course of employment" definition. Specifically, compensation has been broadened to include employees injured within the "zone of employment" or those injured while participating in an employer-sponsored event. See *Kohlmayer v. Keller* (1970), 24 Ohio St.2d 10, 53 O.O.2d 6, 263 N.E.2d 231. The "zone of employment" rule concentrates on the location of the employee at the time of the injury and is an exception to the coming-and-going rule, which generally precludes compensation for employees injured while traveling to and from a fixed work situs. The term was defined in *Merz v. Indus. Comm.* (1938),

134 Ohio St. 36, 39, 11 O.O. 414, 15 N.E.2d 632, as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." In *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, 23, 39 O.O.2d 11, 225 N.E.2d 241, the Ohio Supreme Court examined the line of zone-of-employment cases and specifically declined to overrule them in favor of a general proposition that compensation is authorized only for injuries sustained while employees perform some act or duty in the service of the employer. As a result, an injured employee need not be performing job duties for the injury to be "in the course of employment." Id. See, also, *Sebek v. Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, 698, 36 O.O. 282, 76 N.E.2d 892.

{¶ 11} Kroger argues next that the zone-of-employment exception does not apply because of the timing of Remer's injury: she was not leaving after completing a work day. The "zone of employment" rule, however, has been applied before, during, and after an employee's work hours. See *Indus. Comm. v. Henry* (1932), 124 Ohio St. 616, 180 N.E. 194 (claim allowed for employee killed on railroad tracks adjacent to employer's premises while returning to work after meal); *Thompson v. Crestmont Nursing Home N. Corp.* (Nov. 21, 2001), 8th Dist. No. 79385, 2001 WL 1479238 (claim allowed for employee attacked by co-worker in front of nursing home before starting shift); *Rock v. Parma Bd. of Edn.* (Nov. 1, 2001), 8th Dist. No. 79268, 2001 WL 1353247 (claim allowed for employee who slipped and fell in parking lot upon return from a personal errand and before clocking in).

{¶ 12} Along with at least an indirect benefit to an employer, the critical issue appears to be the location of the employee's injury. In this case, it is undisputed that Remer was injured on the cart ramp at the entrance to the Kroger store, an area Kroger owned and controlled. Therefore, Remer was injured within the "zone of employment." She came to the Kroger store to start her work shift but did not actually clock into work upon her arrival because Kroger's policy prohibited employees from clocking in more than eight minutes before their shift.[1] Remer was not violating any conditions of her employment when she was injured. She was complying with company policy by waiting to clock in. An injury occurs in the course of, and arises out of, the employment if the injury follows as a natural incident of the work and as a result of exposure occasioned by the nature, conditions, and surroundings of the employment. *Sebek*, 148 Ohio St. at 697–698, 36 O.O. 282, 76 N.E.2d 892. Thus, we conclude that Remer was in the course of her employment at the time of her injury.

---

1. We disagree with the trial court's characterization of Kroger's policy as arbitrary.

{¶ 13} Kroger finally argues that even if Remer was in the course of employment at the time of her injury, she deviated from the course of her employment when she left the store to run a personal errand. On this point, we look to the place where her injury occurred and agree with the reasoning expressed in *Lemming v. Univ. of Cincinnati* (1987), 41 Ohio App.3d 194, 534 N.E.2d 1226. In *Lemming,* the claimant left the university building where she worked to run an errand during her morning break. While walking to her car but while still on her employer's property, Lemming was hit by an automated traffic gate. The First Appellate District, in ruling for Lemming, stated, "[W]e do not believe that intention [to leave the premises] would become a determinative factor until after she actually passed beyond the perimeter of the campus." Thus, since the claimant was still on her employer's premises when she was injured, she was within the zone of employment and entitled to compensation. In this case, Remer was still on Kroger's property when she slipped and fell. While it may have been her intention to leave, Remer had not yet deviated from the course of employment when the injury occurred.

{¶ 14} By any measure, Remer's injury occurred within the course of her employment, entitling her to participate in the workers' compensation fund. Kroger's sole assignment of error is not well taken, and, thus, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

MARK L. PIETRYKOWSKI, J., concurs.

PETER M. HANDWORK, P.J., dissents.