DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted the summary judgment motion of plaintiff-appellee, Norma J. Ardrey, denied the summary judgment motion of defendant-appellant, the Toledo Area Regional Transit Authority ("TARTA"), and determined that Ardrey was entitled to participate in the workers' compensation fund. From that judgment, TARTA raises the following assignments of error:
 {¶ 2} "Assignment of Error No. 1:
 {¶ 3} "The Trial Court erred in finding as a matter of law that a bus driver commuting to work in one of her employer's buses is in the course and scope of employment as defined in Ohio Revised Code § 4123.01.
 {¶ 4} "Assignment of Error No. 2:
 {¶ 5} "The Trial Court erred in relying upon statements not contained in any pleading, deposition, interrogatory, admission or affidavit in granting a Motion for Summary Judgment under Civil Rule 56."
 {¶ 6} The facts of this case are not in dispute. Ardrey has been a bus driver for TARTA since 1989. During her years with the company it has been her practice, as well as the practice of many TARTA bus drivers, to park at the central TARTA garage and ride a TARTA bus to the location where she is to relieve another driver and begin her own shift or resume a split shift. Indeed, TARTA bus drivers are issued bus passes free of charge which allow them to travel on any TARTA bus for any reason throughout the city during any of TARTA's hours of operation. On March 27, 2002, Ardrey was scheduled to work a split shift from 6:05 a.m. until 10:12 a.m. and then from 12:32 p.m. until 4:08 p.m. Ardrey is paid only for the time that she is operating a bus. At the beginning of her shift she was to report to the central TARTA garage, which she did after driving there and parking in the employee parking lot. She then drove her bus until 10:12 a.m., with her shift ending in the central business district known as the "bus loop." At that time, Ardrey boarded another TARTA bus to return to the central TARTA garage where she picked up her car and drove home for lunch. After lunch, Ardrey returned to the central TARTA garage where she again parked her car in the employee parking lot. She then boarded bus number 20 using her bus pass to return downtown where she would pick up her own bus to complete the remainder of her shift. As Ardrey walked down the aisle to take a seat, the bus driver began driving. The floors of the bus, however, were wet and Ardrey slipped and fell, injuring her left knee.
 {¶ 7} Ardrey filed a claim for workers' compensation benefits for an injury sustained in the course of and arising out of her employment. The application was initially denied by the Administrator of the Bureau of Workers' Compensation. The district hearing officer, however, subsequently vacated that decision and determined that Ardrey's injury was sustained in the course of and arising out of her employment. Subsequent administrative appeals by TARTA all resulted in an allowance of Ardrey's claim. Accordingly, TARTA filed an appeal with the lower court to challenge the administrative ruling that Ardrey was entitled to participate in the workers' compensation fund for her injury and Ardrey filed a complaint pursuant to R.C. 4123.512 for a determination of her right to participate in the fund. Both parties filed summary judgment motions, and on December 15, 2003, the lower court issued a judgment entry granting Ardrey's motion for summary judgment and denying TARTA's motion. In particular, the court concluded that under the totality of the circumstances test set forth in Lord v. Daugherty (1981), 66 Ohio St.2d 441
and Fisher v. Mayfield (1990), 49 Ohio St.3d 275, Ardrey's injury was sustained in the course of and arose out of her employment with TARTA. It is from that judgment that TARTA now appeals.
 {¶ 8} TARTA's assignments of error are related and will be discussed together. TARTA asserts that the trial court erred in granting Ardrey summary judgment as a matter of law and in doing so in reliance on assumed or inferred facts that were not in the record.
 {¶ 9} A review of the trial court's granting of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 10} TARTA does not assert that genuine issues of material fact remain which preclude the granting of summary judgment. Rather, TARTA asserts that given the undisputed facts of this case, Ardrey was not injured in the course of and her injury did not arise out of her employment, and TARTA it is entitled to judgment as a matter of law.
 {¶ 11} An employee is entitled to participate in the workers' compensation fund if the employee sustains an injury, "whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Accordingly, the injury must be both "in the course of" and "arising out of" the employment to be compensable. Fisher, supra at 277. As a general rule, the workers' compensation statute must be "liberally construed in favor of employees." R.C. 4123.95;Fisher, supra at 278. As such, this rule of construction applies to the phrase "in the course of, and arising out of." Id.
 {¶ 12} Whether an injury is received "in the course of" employment involves an examination of the time, place and circumstances of the injury. Ruckman v. Cubby Drilling, Inc.
(1998), 81 Ohio St.3d 117, 120 citing Fisher, supra at 277. Those factors, however, are "used to determine whether the required nexus exists between the employment relationship and the injurious activity; they are not, in themselves, the ultimate object of a course-of-employment inquiry. * * * `To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.'Sebek v. Cleveland Graphite Bronze Co. (1947),148 Ohio St. 693, * * * paragraph three of the syllabus. An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business. Kohlmayer v.Keller (1970), 24 Ohio St.2d 10, 12 * * *." Ruckman, supra at 120. The "arising out of employment" element "contemplates a causal connection between the injury and the employment."Fisher, supra at 277-278.
 {¶ 13} TARTA asserts that Ardrey is not entitled to workers' compensation benefits because she was injured while traveling to work. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products,Inc. v. Robatin (1991), 61 Ohio St.3d 66, syllabus. This is known as the "coming-and-going rule." "In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer." Ruckman, supra at 119. The parties do not dispute that Ardrey is a fixed-situs employee. Indeed, the court inRuckman, supra at 120, determined that an employee can be a fixed-situs employee "even though the employee may be reassigned to a different work place monthly, weekly, or even daily."
 {¶ 14} Nevertheless, as the court in Ruckman stated, a fixed-situs employee can avoid the force of the coming-and-going rule if she can otherwise demonstrate that she received her injury in the course of and arising out of her employment. Id. Accordingly, the rule "does not operate as a complete bar to an employee who is injured commuting to and from work if: (1) the injury occurs within the `zone of employment,' * * * (2) the employment creates a `special hazard,' * * * or (3) there is a causal connection between the employee's injury and employment based on the `totality of the circumstances' surrounding the accident." Weiss v. Univ. Hosp. of Cleveland (2000),137 Ohio App.3d 425, 430-431. The court below determined that based on the totality of the circumstances, Ardrey was injured in the course of and arising out of her employment. The court reached this conclusion after applying the well-established "totality of the circumstances" test set forth by the Supreme Court of Ohio inLord, supra and reaffirmed in Fisher, supra.
 {¶ 15} In Lord, the Supreme Court of Ohio held at the syllabus that "[w]hether there is a sufficient `causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident."
 {¶ 16} Applying the Lord factors to the facts of this case, we do find that there is a sufficient causal connection between Ardrey's injury and her employment to justify her right to participate in the workers' compensation fund. Ardrey was injured on a bus owned by TARTA while being transported from the central TARTA garage to the location where her shift as a TARTA bus driver was to begin. Accordingly, the first two prongs of theLord test have been satisfied.
 {¶ 17} Under the third prong of the Lord test, however, the employer must receive some benefit from the injured employee's presence at the scene of the accident. Although she had not yet begun her shift, the unique circumstances of the split shift make it difficult to conclude that TARTA did not benefit by Ardrey's presence at the scene of the accident. The lower court concluded that it was beneficial to TARTA to provide free transportation to employees along its bus routes so that employees could relieve drivers and begin their shifts, allowing for a flexible and simplified scheduling process. In its second assignment of error, TARTA challenges this finding and asserts that by making this finding, the trial court assumed or inferred facts that were not in evidence. In our view, however, the Lord test, permits a court to review all of the facts in evidence and make reasonable common sense inferences from those facts. As Ardrey has pointed out in her brief, the test does not require that the employer "intended" to benefit from the employee's presence at the scene of the accident. It only requires that the employer did in fact benefit from the employee's presence at the scene of the accident. Ardrey began her morning shift at the central TARTA garage after parking in the employee parking lot. That shift ended, however, in the central business district. The second half of Ardrey's shift did not begin for approximately two and one-half hours. TARTA contends that during that period between shifts, Ardrey was free to do as she pleased. This is not, however, a typical case in which an employee is injured on her way back to work after a lunch break. In this case, Ardrey's first shift ended miles from where it began, leaving her essentially stranded but for the fact that TARTA had provided her with a bus pass which, among other things, allowed her to return to the central garage to retrieve her car. To begin the second half of her shift, Ardrey had to return to the central business district. The alternative would have been for TARTA to ensure that its drivers' shifts all began and ended at the same location. Under these facts, we concur with the trial court's conclusion that TARTA benefited by Ardrey's presence at the location of the accident.
 {¶ 18} Assuming arguendo that the "totality of the circumstances" exception to the coming-and-going rule does not apply, Ardrey asserts that under the "zone of employment" exception she is entitled to coverage. We agree. Under the "zone of employment" exception, the coming-and-going rule "does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs within the `zone of employment.'" MTD Products, Inc., supra at 68. The term was defined in Merz v. Indus. Comm. (1938), 134 Ohio St. 36, 39, as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." In Marlow v. Goodyear Tire Rubber Co. (1967),10 Ohio St.2d 18, 23, the Supreme Court of Ohio examined the line of zone of employment cases and specifically declined to overrule them in favor of a general proposition that compensation is authorized only for injuries sustained while employees perform some act or duty in the service of the employer. As a result, an injured employee need not be performing job duties for the injury to be "in the course of employment." Id. See, also, Sebek,
supra at 698. Accordingly, the "zone of employment" rule has been applied before, during and after an employee's work hours. SeeIndus. Comm. v. Henry (1932), 124 Ohio St. 616 (claim allowed for employee killed on railroad tracks adjacent to employer's premises while returning to work after meal); Thompson v.Crestmont Nursing Home North Corp. (Nov. 21, 2001), 8th Dist. No. 79385 (claim allowed for employee attacked by co-worker in front of nursing home before starting shift); Rock v. Parma Bd.Of Edn. (Nov. 1, 2001), 8th Dist. No. 79268 (claim allowed for employee who slipped and fell in employer's parking lot upon return from a personal errand and before clocking in.) Indeed, this court recently allowed a claim by a grocery store employee who slipped and fell on a cart ramp at the entrance to the store where she had come to work although she had not yet clocked in to work. Remer v. Conrad, 153 Ohio App.3d 507, 2003-Ohio-4096.
 {¶ 19} In view of these cases, we find that Ardrey was within the zone of her employment when she fell on a bus owned by TARTA while being transported from the central TARTA garage to the location where her shift as a TARTA bus driver was to begin. Because Ardrey's injury occurred in the course of and arose out of her employment with TARTA, the trial court did not err in granting Ardrey's motion for summary judgment and thereby establishing her right to participate in the workers' compensation fund for her injury. The first and second assignments of error are not well-taken.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.
JUDGMENT AFFIRMED.