DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas sustaining the motion for summary judgment of appellees Lucas County and the Bureau of Workers' Compensation denying workers' compensation benefits to appellant *Page 2 
Reba Millsap. Appellant works for Lucas County as a corrections officer at the Lucas County jail. On January 15, 2004, she slipped and fell on an icy sidewalk in front of the jail on the way to work there.
 {¶ 2} The trial court considered cross-motions for summary judgment and concluded, under the undisputed facts, that appellant's claims were barred under the "coming and going" rule set forth in MTD Products, Inc.v. Robatin (1991), 61 Ohio St.3d 66, 68. Under the rule, generally employees working at a fixed location are not entitled to workers' compensation coverage for injuries incurred on the way to or from work. We affirm.
 {¶ 3} Appellant asserts a single assignment of error on appeal:
 {¶ 4} "Assignment of Error
 {¶ 5} "The Trial Court improperly granted Summary Judgment in favor of Appellees, and improperly denied Appellant's motion for summary judgment, as reasonable minds could only conclude that Appellant's injuries were sustained both in the course of her employment and arose out of her employment."
 {¶ 6} Certain facts are undisputed. Appellant works as a corrections officer at the Lucas County Jail, located on Spielbusch Avenue in Toledo. Her duties involve monitoring of inmates and maintaining security in the jail. On January 15, 2004, Millsap and a fellow corrections officer accompanied each other to work. They parked in a parking lot across the street from the jail. It is undisputed that the parking lot was not *Page 3 
owned by Lucas County and that Millsap was not required by Lucas County to park there.
 {¶ 7} In wintry conditions, Millsap walked across Spielbusch Avenue and slipped and fell on an icy metal grate that was part of the sidewalk in front of the jail. She was walking to the front door of the jail at the time she fell. The sidewalk where she fell is located between Spielbusch Avenue and the adjoining cement walking area or plaza in front of the jail that extends to the jail's front steps and entrance.
 {¶ 8} Millsap fell at approximately 7:20 a.m. She was due at work at 7:30 a.m. Two county employees witnessed her fall. Millsap attributed her fall to icy, winter conditions. Neither appellant nor appellees submitted any evidence in the trial court on the issue of whether Lucas County exercised control over removal of ice and snow from the sidewalk where appellant fell.
 {¶ 9} Appellate courts review judgments granting motions for summary judgment de novo; that is, they apply the same standard for summary judgment as the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 10} "* * *Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *" *Page 4 
 {¶ 11} Summary judgment is proper where the moving party demonstrates:
 {¶ 12} "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
 {¶ 13} Material facts, for purposes of motions for summary judgment, are facts "that would affect the outcome of the suit under the applicable substantive law. Needham v. Provident Bank (1999),110 Ohio App.3d 817, 826, 675 N.E.2d 514, 519-520, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510,91 L.Ed.2d 202, 211-212." Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304.
 {¶ 14} Where a motion for summary judgment is made and supported by appropriate evidence showing the absence of a dispute of material fact, the burden shifts to the opposing party to present evidence showing the existence of a genuine issue of fact for trial: "* * *an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). *Page 5 
 {¶ 15} The central issue on summary judgment both in the trial court and on appeal has been whether appellant's entitlement to workers' compensation benefits is precluded under the "coming and going rule." The Ohio Supreme Court summarized the rule in MTD Products, Inc. v.Robatin:
 {¶ 16} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products, Inc. v. Robatin, supra, at court syllabus.
 {¶ 17} By definition, the "coming and going" rule does not apply where the injury occurs at the employee's place of employment. Remer v.Conrad, 6th Dist. No. L-02-1380, 2003-Ohio-4096, ¶ 12. Appellee has argued that she had arrived at work at the time of her fall. She claims that the sidewalk is owned by Lucas County, her employer.
 {¶ 18} Appellees have argued, in response, that the sidewalk is owned by the city of Toledo. Neither appellant nor appellees submitted evidence on the cross-motions for summary judgment as to ownership of the sidewalk. The Supreme Court of Ohio has recognized the existence of a presumption that city sidewalks are part of the public street and controlled by the city:
 {¶ 19} "Unless otherwise shown by evidence, a sidewalk on a public street is presumed to be within the limits of the public street and under the control of the municipality or public authority." Eichorn v.Lustig's, Inc. (1954), 161 Ohio St. 11, 13. *Page 6 
 {¶ 20} Under the unrebutted presumption, appellant's injury did not occur at work. It occurred on a public sidewalk, owned and controlled by the city of Toledo. The "coming and going" rule applies to appellant's claim.
 {¶ 21} There are two recognized exceptions to the rule. One is where the injury occurs in the "zone of employment." MTD Products, Inc. v.Robatin, supra at 68. The other, the "special hazard or risk" exception, concerns injuries caused by certain type hazards or risks created by the employer. Id. at 68-69. We address the "zone of employment" exception first.
 {¶ 22} In Merz v. Indus. Comm. (1938), 134 Ohio St. 36, 39 the Ohio Supreme Court defined the term "zone of employment": "It is the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under the control of the employer." Use of the Merz definition was reaffirmed in Marlow v. Goodyear Tire RubberCo. (1967), 10 Ohio St.2d 18, 22; Remer v. Conrad, supra at ¶ 10.
 {¶ 23} An employer's control over the premises where the injury occurred can be a key factor in determining zone of employment, even where the injury occurs on public property. In Indus. Comm. v.Barber (1927), 117 Ohio St. 373, the Ohio Supreme Court considered injuries to a worker on a public street on the way to work. The circumstances demonstrated employer control over the public street where the injury occurred. The facts were summarized by the court inMarlow v. Goodyear Tire Rubber: "employee covered by workmen's compensation although struck, on his way to work, by an *Page 7 
automobile of fellow employee 20 to 40 feet outside of employer's enclosure, on a private street under employer's control, that street affording the sole access to the place of work." Marlow v. Goodyear Tire Rubber, supra at 21.
 {¶ 24} In Tucker v. Michael's Store, Inc., 3d Dist. No. 1-02-94, 2003-Ohio-1538, the Third District Court of Appeals considered a case similar to the case at bar. In Tucker an employee slipped and fell on ice on a public sidewalk immediately in front of her employer's store on the way to work. In Tucker, however, the employee presented evidence that there was "some control" exerted over the sidewalk by the employer.Tucker, supra, at ¶ 13. The evidence included instructions by store managers to employees to salt the sidewalk upon arriving at work. Id.
 {¶ 25} In Tucker the work premises were part of a strip mall and leased by the employer. The lease provided that it was the landlord's obligation to keep common areas, including sidewalks, free from ice and snow. Id. at ¶ 12. The Third District Court of Appeals held that there was sufficient evidence of the employer's control over the sidewalk to create an issue of material fact as to whether the sidewalk was within Tucker's zone of employment when she fell. Tucker at ¶ 14. Accordingly, the court of appeals held that summary judgment against Tucker on whether she was entitled to workers' compensation benefits from her fall should have been overruled. Id. The court reversed the grant of summary judgment denying benefits and remanded. *Page 8 
 {¶ 26} Appellant has argued that Lucas County controlled the sidewalk with respect to ice and snow due to duties imposed on the county by Section 911.34 of the Toledo Municipal Code:
 {¶ 27} "911.34. Civil liability for failure to maintain sidewalks.
 {¶ 28} "Every owner of any lot or parcel of land situated within the corporate limits of the City shall keep and maintain good and sufficient sidewalks adjoining such lot or parcel of land along all public streets, avenues, boulevards or lanes and shall cause them to be kept open, in repair and free from any nuisance, including but not limited to, snowand ice." (Emphasis added.)
 {¶ 29} The Supreme Court of Ohio has held that such snow removal ordinances create no civil liability in tort of property owners to the public for failure to keep abutting sidewalks free from ice and snow.Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204. In Lopatkovich the court identified a limited purpose for such ordinances:
 {¶ 30} "In our view the rationale behind sidewalk snow removal statutes like the one sub justice is that it would be impossible for a city to clear snow and ice from all its sidewalks; and the duty imposed by such statutes is most likely a duty to assist the city in its responsibility to remove snow and ice from public sidewalks." Id., at 207.
 {¶ 31} Accordingly, the existence of the Toledo snow removal ordinance, alone, cannot be held to have imposed on Lucas County a duty, to the public, to control sidewalks abutting county property. Appellant has offered no evidence that the county, in fact, ever exercised such control on the sidewalk with respect to snow and ice removal. *Page 9 
 {¶ 32} Construing the evidence most favorably to appellant, in view of the presumption that the sidewalk was under the control of the city of Toledo and the lack of any evidence that the County exerted any control over removal of ice or snow from the sidewalk, we conclude that there was no dispute of material fact on whether appellant's injury occurred within the zone of her employment. It did not.
 {¶ 33} The Supreme Court of Ohio has defined the "special hazard or risk" exception as follows:
 {¶ 34} "* * *[I]n Littlefield v. Pillsbury Co., supra, we also recognized the `special hazard or risk' exception to the general rule. In Littlefield we held that when the employment creates a `special hazard,' an employee is entitled to workers' compensation benefits if he sustains injuries because of that hazard. Furthermore, we held that the rule applies where: (1) `but for' the employment, the employee would not have been at the locations where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. Id. at syllabus." MTD Products, Inc. v. Robatin, supra at 68.
 {¶ 35} MTD Product, Inc. v. Robatin, concerned an automobile accident while the employee was turning from a busy highway into a company parking lot on the way to work. Id. at 66. The Ohio Supreme Court held that the congested entranceway of the parking lot was not a "special hazard" under the exception to the "coming and going" rule. Id. at 69. The court reasoned that the risk of turning on a busy roadway to the plant *Page 10 
entrance was no different from and presented no greater risk than encountered by the public daily while driving on congested city streets. Id.
 {¶ 36} In Tucker, the Third District Court of Appeals rejected an argument that the employee's slip and fall due to ice on the sidewalk in front of her employer's store came within the special hazard exception to the coming and going rule. The court held that the risk to the employee from an icy sidewalk was no greater than the risk to the general public using the sidewalk. Id. at ¶ 9. The court of appeals held that the facts failed to meet the second element of the special hazard exception.
 {¶ 37} We believe that such an analysis applies here. Under the undisputed facts, the hazard or risk of appellant's slipping and falling on the icy grate to the sidewalk in front of the jail cannot be considered distinctive in nature or quantitatively greater than the risk faced by the public at large. Accordingly, we conclude that there is no dispute of material fact and that the special hazard exception to the coming and going rule does not apply to appellant's claim.
 {¶ 38} Accordingly, we conclude that the trial court committed no error in overruling the motion for summary judgment of appellant and in granting the motion for summary judgment of appellees. Appellant's Assignment of Error is not well-taken.
 {¶ 39} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. *Page 11 
24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR.