**TAYLOR, Appellee,**

v.

**MEIJER, INC., Appellant.**

[Cite as *Taylor v. Meijer, Inc.,* 182 Ohio App.3d 23, 2009-Ohio-1966.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23018.

Decided April 17, 2009.

24

Joseph E. Gibson, for appellee.

David C. Korte, Michelle D. Bach, and Joshua R. Lounsbury, for appellant.

Richard Cordray, Attorney General, and Andrew Alatis, Assistant Attorney General, for Ohio Bureau of Workers' Compensation.

———

Froelich, Judge.

{¶ 1} Meijer, Inc., appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Beverly A. Taylor on her claim for workers' compensation benefits.

{¶ 2} Although the trial court did not fully address Meijer's arguments in opposition to the motion for summary judgment, it did properly conclude that Taylor was entitled to workers' compensation benefits. Accordingly, the judgment of the trial court will be affirmed.

## I

{¶ 3} The undisputed facts are as follows: On January 28, 2004, Taylor worked as a cashier at Meijer. After she finished her shift, she clocked out and then shopped for about ten minutes in a couple of aisles to purchase some groceries. Taylor received an employee discount when she shopped at the store. Taylor then proceeded to her car, carrying two plastic bags containing the items she had purchased. Taylor fell on ice near her car and suffered injuries.

{¶ 4} Taylor sought compensation for her injuries through the Workers' Compensation Fund. The Industrial Commission of Ohio eventually denied Taylor's claim on the basis that her injury did not occur in the course of and arise out of her employment. She appealed to the Montgomery County Court of Common Pleas, asserting her right to workers' compensation and, in the alternative, a claim for personal injury. The trial court granted Meijer's motion to bifurcate the workers' compensation and personal-injury claims.

{¶ 5} Meijer filed a motion for summary judgment on Taylor's workers' compensation claim. Meijer argued that Taylor had not been injured in the course and scope of her employment because she had left her work station, clocked out, and shopped for personal items, and she was loading those personal items into her car when she fell. Meijer claimed that Taylor's personal shopping and her act of loading groceries into her car removed her from the "course and scope" of her employment. The trial court denied Meijer's motion for summary judgment on the basis that Taylor had been "within the 'zone of employment'" when the injury occurred. Taylor then filed her own motion for summary judgment. She asserted that the trial court's conclusion in denying Meijer's motion for summary judgment that she had been in the "zone of employment," coupled with undisputed evidence of her injuries, was dispositive of her claim for workers' compensation. The trial court granted Taylor's motion for summary judgment, citing its earlier decision.

{¶ 6} Meijer raises two assignments of error on appeal.

## II

{¶ 7} Meijer's assignments of error are related, and we will address them together. The assignments of error state:

{¶ 8} "I. The trial court erred, as a matter of law, in granting judgment in favor of Taylor based upon a finding that the injury occurred in the 'zone of employment.'

{¶ 9} "II. The trial court erred, as a matter of law, in not addressing whether Taylor was engaged in a personal errand/mission at the time of her injury."

{¶ 10} Meijer asserts that the trial court's conclusion that Taylor was in the zone of employment at the time of her injury was neither dispositive of nor relevant to its claim that she was outside the course and scope of her employment at the time of the accident. Meijer asserts that Taylor was outside the course and scope of her employment and, thus, summary judgment on her workers' compensation claim was improper.

{¶ 11} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Our review of the trial court's decision to grant summary judgment is de novo. See *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841.

{¶ 12} Ohio's workers' compensation statutes cover injuries, "whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C); see *Remer v. Conrad,* 153 Ohio App.3d 507, 2003-Ohio-4096, 794 N.E.2d 766, ¶ 7. The test of the right to participate is not whether there was any fault or neglect on the part of the employer or his employees, but whether a "causal connection" existed between the employee's injury and his employment either through the activities, the conditions, or the environment of the employment. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, citing *Indus. Comm. v. Weigandt* (1921), 102 Ohio St. 1, 130 N.E. 38.

{¶ 13} The "in the course of employment" element of R.C. 4123.01(C) contemplates the existence of a nexus between the employment and the injurious activity based on factors such as the time, place, and circumstances of the injury. *Masden v. CCI Supply, Inc.,* Montgomery App. No. 22304, 2008-Ohio-4396, 2008 WL 3990826, ¶ 8, citing *Fisher,* 49 Ohio St.3d at 277, 551 N.E.2d 1271. An employee need not necessarily be injured in the actual performance of work to be in the course of employment and thus eligible for workers' compensation. *Remer,* 153 Ohio App.3d 507, 2003-Ohio-4096, 794 N.E.2d 766, at ¶ 10, citing *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, 23, 39 O.O.2d 11, 225 N.E.2d 241, and *Sebek v. Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, 698, 36 O.O. 282, 76 N.E.2d 892. It is sufficient that the injury is sustained while the employee engages in an "activity that is consistent with the contract for hire and is logically related or is incidental to the employer's business." *Masden*

at ¶ 8, citing *Sebek,* 148 Ohio St. 693, 36 O.O. 282, 76 N.E.2d 892, at paragraph three of the syllabus.

{¶ 14} The "arising out of employment" element "contemplates a causal connection between the injury and the employment" based on the totality of the circumstances. *Fitch v. Ameritech Corp.,* Franklin App. No. 05AP–1277, 2007-Ohio-2725, 2007 WL 1600545, ¶ 15, citing *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 121, 689 N.E.2d 917. This standard ensures that employees are only compensated when their injuries are causally related to the activities, conditions, and environment of their employment. *Powers v. Frank Z Chevrolet* (1995), 100 Ohio App.3d 718, 721, 654 N.E.2d 1053, citing *MTD Prods., Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661. Whether there is a sufficient causal connection between an employee's injury and his employment to justify participation in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including the proximity of the scene of the accident to the place of employment, the degree of control the employer had over the scene of the accident, and the benefit the employer received from the injured employee's presence at the scene of the accident. *Fisher,* 49 Ohio St.3d at 277, 551 N.E.2d 1271, citing *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus; *Masden,* 2008-Ohio-4396, 2008 WL 3990826, ¶ 13. However, this list of factors is not intended to be exhaustive. *Fisher,* 49 Ohio St.3d at 279, 551 N.E.2d 1271, fn. 2. Because workers' compensation cases are fact specific, no one test or analysis can apply to each and every factual possibility. Id. at 280, 551 N.E.2d 1271. Accordingly, a flexible and analytically sound approach is preferable, for hard and fast rules can lead to unsound and unfair results. *Masden,* 2008-Ohio-4396, 2008 WL 3990826, citing *Fisher,* 49 Ohio St.3d at 280, 551 N.E.2d 1271.

{¶ 15} The in-the-course-of-employment and arising-out-of-employment elements overlap, but an injured employee must prove the existence of both elements. *Ruckman,* 81 Ohio St.3d at 124, 689 N.E.2d 917, fn. 3. We keep in mind that the workers' compensation statutes must be liberally construed in favor of awarding benefits. R.C. 4123.95; *Fisher,* 49 Ohio St.3d at 278, 551 N.E.2d 1271.

{¶ 16} As a preliminary matter, we note that Meijer claims that Taylor was acting outside the course and scope of her employment, which was also the language used by the Industrial Commission's district hearing officer. From the briefs, it was unclear whether Meijer viewed these terms as synonymous, referring to the in-the-course-of-employment element of the statutory scheme only, or whether it intended for this term to encompass both elements of the test. At oral argument, Meijer focused on the in-the-course-of-employment element only. In any event, we will consider both elements.

{¶ 17} Because the trial court applied its analysis denying Meijer's motion for summary judgment on the workers' compensation claim in its decision granting Taylor's motion, we focus on the trial court's denial of Meijer's motion for summary judgment.

{¶ 18} In denying Meijer's motion, the trial court applied the "coming and going" rule, although Meijer's argument in support of summary judgment was not based on that rule. The coming-and-going rule provides that, generally, "an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *Rock v. Parma Bd. of Edn.* (Nov. 1, 2001), Cuyahoga App. No. 79268, 2001 WL 1353247. Therefore, the injury does not arise out of the employment. See *Fitch*.

{¶ 19} An exception to the rule exists, however, if the injury occurs within the "zone of employment." *Ardrey v. Toledo Area Regional Transit Auth.*, Lucas App. No. L–04–1045, 2004-Ohio-5751, 2004 WL 2426229, ¶ 14, citing *Weiss v. Univ. Hosp. of Cleveland* (2000), 137 Ohio App.3d 425, 430–431, 738 N.E.2d 884. The "zone of employment" has been defined as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." *Ardrey* at ¶ 18, citing *Merz v. Indus. Comm.* (1938), 134 Ohio St. 36, 39, 11 O.O. 414, 15 N.E.2d 632. In other words, if an employee drives safely to work only to suffer an injury in the employee parking garage before clocking in, the employee may be eligible for workers' compensation under the zone-of-employment exception to the coming-and-going rule. See, e.g., *Remer*, 153 Ohio App.3d 507, 794 N.E.2d 766 (claim allowed for grocery store employee who fell on cart ramp at entrance to store where she had come to work before she clocked in); *Thompson v. Crestmont Nursing Home N. Corp.* (Nov. 21, 2001), Cuyahoga App. No. 79385, 2001 WL 1479238 (claim allowed for employee attacked by co-worker in front of nursing home before starting shift); *Rock* (claim allowed for employee who slipped and fell in parking lot upon return from a personal errand and before clocking in).

{¶ 20} In this case, the trial court applied the coming-and-going rule, because Taylor was leaving her workplace when she was injured. The trial court concluded that Taylor was within the exception to the coming-and-going rule—and could therefore participate in the workers' compensation fund—because she was still in the zone of employment when the accident occurred.

{¶ 21} The trial court's analysis was not incorrect, but it did not fully address Meijer's argument. If Meijer's argument for summary judgment had been based upon the coming-and-going rule, the trial court could have properly denied the

motion based on the zone-of-employment exception. However, the trial court failed to address Meijer's argument that Taylor was outside the course and scope of her employment at the time of the accident because she had been shopping for herself between the time she stopped working and the time she went to her car and because she was loading personal items into her car when she fell.

{¶ 22} In summarily granting Taylor's motion for summary judgment, the trial court accepted Taylor's argument that the court's finding that her injury had occurred within the zone of employment was equivalent to finding that it had occurred in the course of her employment.

{¶ 23} The trial court's decision confused the zone of employment with the course of employment and improperly concluded that the zone-of-employment analysis was dispositive. The fact that Taylor was in the zone of employment for purposes of the coming-and-going rule was not dispositive of Meijer's argument that she had broken the connection with her employment by engaging in a personal activity. In other words, the fact that Taylor's injury occurred at a location under the control of her employer was not enough, standing alone, to establish that it occurred in the course of and arose out of her employment. The trial court failed to address the substance of Meijer's argument that Taylor's injury occurred outside the course and scope of her employment—the issue raised in Meijer's motion for summary judgment.

{¶ 24} Considering the totality of the circumstances, including the time, place, and circumstances of her injury, we conclude that Taylor's injury, sustained when she exited the Meijer store ten minutes after the end of her shift to return to her car—albeit with groceries—occurred in the course of and arose out of her employment. Although Taylor had briefly engaged in some personal shopping immediately after her shift ended and before she returned to her car, she would have returned to her car in any event. Taylor remained in the zone of employment, and her "diversion" was limited in time, space, and purpose. Meijer controlled the parking lot, and there is no evidence that the hazard Taylor faced had worsened during the time she spent shopping. Although she shopped after her shift, Taylor's departure from the store was logically related to her employment, because she had to leave the store at the end of her shift. See *Smith v. F.E. Schumacher Co., Inc.* (Apr. 21, 1997), Stark App. 1996CA00160, 1997 WL 220297 (stating that an employee's walk to his or her vehicle upon the completion of a shift is a necessary aspect of the employee's job).

{¶ 25} If Taylor had shopped for the groceries on one of her breaks, and then returned to her car immediately after her shift carrying those groceries, we would reject the suggestion that her activity was not logically related to her employment. Likewise, if Taylor had made a personal phone call or stopped in

the restroom before exiting the building, we would conclude that under the totality of the circumstances, her return to her car was still logically related to the employer's business. These activities would not be significant enough to preclude the conclusion that Taylor's return to her car after her shift was logically related to her employment.

{¶ 26} At oral argument, Meijer placed great emphasis on the fact that Taylor had been loading her groceries into the car when she fell. Meijer argued that Taylor's act of loading personal items into her car was not in the service of Meijer in any way and took her outside the course of employment. In our view, however, if Taylor's return to her car after a brief diversion to shop were still logically related to her employment, as we discussed above, the act of placing shopping bags in her car would not change this relationship. We reject Meijer's suggestions at oral argument that the acts of placing a purse, a jacket, or a shopping bag into a car, or the use of the passenger side door, driver's side door, or trunk, create legally cognizable distinctions as to whether the employer benefitted from the employee's action or whether the employee's actions were logically related to her employment.

{¶ 27} Under the facts presented, we conclude that Taylor's actions did not so fundamentally break the connection with her employment that she should not be allowed to participate in the Workers' Compensation Fund.

{¶ 28} Although the trial court's analysis was incomplete, it correctly concluded that Taylor was entitled to participate in the workers' compensation system. Accordingly, the assignments of error are overruled.

## III

{¶ 29} The judgment of the trial court will be affirmed.

Judgment affirmed.

DONOVAN, P.J., and WOLFF, J., concur.

WILLIAM H. WOLFF JR., J., retired, of the Second District Court of Appeals, sitting by assignment.