DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Lucas County Court of Common Pleas which granted appellee, Catherine Tressler, summary judgment and denied appellant's, Specialty Transportation Services Inc., motion for summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth a single assignment of error:
 {¶ 3} "The trial court erred in concluding that Catherine Tressler was injured during the course and scope of her employment with Specialty Transportation Services, Inc."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. Appellee was employed for approximately ten years as a van driver for appellant. Appellee transported special needs children to and from school. Each morning appellee worked, she first went to appellant's garage to pick up her assigned van. Tressler's van blocked access to the other vans at the facility as it was always parked first. Appellee would then drive the van to her home to wait for the starting time of her route. Appellant concedes it was aware of employees' practice of taking company vehicles home during "down time." Appellant never objected to, or advised employees in any way, that this practice would not be permitted. In fact, appellant furnished appellee a copy of the garage key to enable her unilateral access to the garage.
 {¶ 5} On March 6, 2003, appellee went to the garage, picked up the van, and returned home until it was time to start her route. During this period of "down time", it snowed. Accordingly, appellee began to clear snow off of the van so that she could begin her route. While clearing snow from the van, appellee slipped and sustained injuries.
 {¶ 6} On March 31, 2003, appellee filed a claim with the Bureau of Workers' Compensation for injuries she sustained on March 6, 2003. On April 10, 2003, the Administrator of the Bureau of Workers' Compensation issued an order allowing the claim. Appellant appealed the claim and the case was assigned to a district hearing officer. A hearing was conducted on July 7, 2003, and the district hearing officer vacated the April 10, 2003, allowance of the claim. Appellee filed an appeal. On August 13, 2003, a staff hearing officer vacated the district hearing officer's order and reinstated appellee's claim. Appellant submitted an appeal to the Industrial Commission. This appeal was refused on September 18, 2003. On October 21, 2003, appellant filed a timely notice of appeal. Appellee filed a timely complaint on November 13, 2003.
 {¶ 7} On August 6, 2004, appellee filed for summary judgment. Appellant filed its opposition on August 11, 2004, and filed its own motion for summary judgment on August 18, 2004. On September 23, 2004, the trial court issued a ruling denying appellant's motion for summary judgment and granting appellee's motion for summary judgment. The trial court ruled, in relevant part, "Plaintiff's injuries of left hip and thigh sprain and fracture of left humerus occurred in the course of andarising out of her employment." The court further determined, "Plaintiff is entitled, as a matter of law, to participate in the benefits of the Workers' Compensation Act." It is this summary judgment being appealed.
 {¶ 8} We note at the outset an appellate court reviews the trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
 {¶ 9} In its sole assignment of error, appellant asserts the trial court erred when it granted summary judgment to appellee. In support, appellant contends that because appellee was at home waiting for the beginning of her route, her injuries did not occur in the course and scope of her employment. The state of Ohio statutorily mandates that an employee is qualified and entitled to participate in the Workers' Compensation Fund upon sustaining an injury, "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). In conjunction with the statutory mandate, the related Revised Code provisions dictate liberal statutory construction in favor of injured employees. R.C. 4123.95.
 {¶ 10} The record clearly establishes that appellant was cognizant of the fact that employees routinely drove work vehicles to their personal homes during periods of "down time." The issue then becomes whether employees who did so remained "employees" for purposes of worker's compensation coverage. The Supreme Court of Ohio has upheld the "coming and going rule" which states that an employee injured while traveling to or from a fixed place of employment is not eligible for participation in the Workers' Compensation Fund. Such "fixed-situs" employees cannot demonstrate the requisite causal connection between their injury and their employment. MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66, syllabus.
 {¶ 11} The nature of appellee's position with appellant required her to travel to appellant's premises, pick up a vehicle, and later travel throughout the area to pick up children from their homes to transport them to school. As such, appellee was not a "fixed-situs" employee who worked at a fixed location for her entire shift. On the contrary, the very nature of her position required her to be a mobile employee with fluctuating locations during the day. The "coming-and-going rule" outlined above does not apply to this case. It does not bar appellee from worker's compensation coverage.
 {¶ 12} This court must determine whether appellee's injuries were in the course and scope of her employment, despite taking place at the driveway of her home. As this court recently reaffirmed, injuries are compensable regardless of location so long as they are sustained while the employee is engaged in activity consistent with their position and logically connected to their employer's business. Ardrey v. Toledo AreaRegional Transit Auth., 6th Dist. No. L-04-1045, 2004-Ohio-5751, at ¶ 12.
 {¶ 13} Appellee traveled to appellant's premises to pick up appellant's van inextricably because of her position as a route driver. During an interval of down time, it snowed. In order to be able to drive the vehicle, appellee began to clear the snow from appellant's vehicle. Given these facts, taken in conjunction with the mandated liberal statutory construction, we find that appellee sustained her injuries while engaged in activity wholly and directly connected to her position and to appellant's business. As such, appellee was injured during the course and scope of her employment. Appellee is, therefore, entitled to participation in the Workers' Compensation Fund for injuries she sustained on March 6, 2003. Appellant's assignment of error is not well-taken.
 {¶ 14} This court finds no genuine issue of material fact, and after construing the evidence presented in the light most favorable to appellant, appellee is entitled to summary judgment as a matter of law. The trial court's judgment is affirmed.
 {¶ 15} Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., concur.