No. 12,890.

RYAN v. INDUSTRIAL COMMISSION ET AL.

(3 P. [2d] 300)

Decided September 14, 1931.

Mr. E. H. WHITNEY, Mr. CLARENCE WERTHAN, EDNA G. ROUSE, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. HAROLD CLARK THOMPSON, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

LA Fayette Ryan seeks the reversal of a judgment

of the district court. That judgment affirmed an award of the Industrial Commission, which award denied Ryan's application for compensation and set aside the referee's award in his favor.

There was no conflict in the evidence. The only question for consideration is whether the commission's finding, that the accident resulting in injury to Ryan did not arise out of and in the course of his employment, was or was not correct as a matter of law.

During the school year of 1930, Ryan was employed as superintendent of schools at Boone, in Pueblo county. As part of his duties, he was required to procure school supplies at Pueblo, several miles distant. As he was furnished no means of transportation, it was his custom, known to and acquiesced in by the school board, to use his own automobile for such trips. On April 1, 1930, it became necessary for him to procure school supplies at Pueblo. He went there solely for that purpose. He obtained the supplies. When he returned it was dark and was raining. He went to his house, and commenced to remove the supplies from his automobile to the house. He took part of them from the automobile and laid them on the back porch, and was reaching for an umbrella, when he fell through an open trap door into the cellar, breaking his collar bone and sustaining other injuries. His wife found him unconscious, with some of the school supplies lying around and upon him. Some of the supplies were to be used by him at his home, where he was accustomed to perform a part of his duties as superintendent because of lack of facilities at the school house— a custom known to and acquiesced in by the school board. His wife after caring for him, removed the supplies from the cellar and the automobile and took them into the house.

The court erred in affirming the award of the commission. The accident arose out of and in the course of Ryan's employment. In removing the supplies from the cellar and the automobile, Ryan's wife continued the

very work that Ryan was engaged in, but had not finished at the time of the accident.

In *Comstock v. Bivens,* 78 Colo. 107, 239 Pac. 869, Comstock was employed to carry the mail. He used his own truck for the purpose. After delivering the mail to the post office, he drove the truck away, presumably to park it or to place it in a garage. He stopped at his house, and was in the act of removing his rifle from the truck to his house when the rifle was discharged accidentally, killing him. We held that the accident arose out of and in the course of his employment, and reversed the judgment because the trial court held otherwise. That case presents a situation less favorable to a claimant than does the present case.

In *Western Pacific Railroad Co. v. Industrial Commission,* 193 Cal. 413, 224 Pac. 754, an employee was sent on an errand by his employer. Before he could return to the office after doing the errand, it commenced to rain, and, instead of returning direct to the office, he went out of his way four blocks to his home, where he procured his raincoat. On his way from there to the office, he was struck by an automobile and sustained injuries that resulted in his death. An award in favor of his widow and children was sustained. In the course of the opinion, the court said: "Furthermore, it is to be reasonably anticipated that a person whose duties require him to be out of doors will seek protection from rain. In so seeking protection an employee is not to be held as a matter of law as deviating from the course of his employment. If, in the instant case, the decedent had sought shelter in a near-by store or under a friendly porch, the Commission would not be compelled to find, we think, that, while waiting for the rain to abate, the employee was outside of the course of his employment. * * * The procuring of his raincoat was but another means of seeking shelter. In going home for his raincoat in order that he might continue his duties, instead of seeking shelter under a roof, he was facilitating his work, and it cannot be said,

contrary to the finding of the Commission, that by so doing he had departed from the course of his employment.''

The judgment is reversed, and the cause is remanded, with instructions to the district court to set aside the award and remand the case to the Industrial Commission for further proceedings in harmony with the views expressed in this opinion.

MR. JUSTICE ALTER dissents.

MR. JUSTICE CAMPBELL did not participate.