BOWER, APPELLEE, *v.* INDUSTRIAL ·COMMISSION OF OHIO, APPELLANT.*

(Decided April 3, 1939.)

*Mr. John J. Lehman, Messrs. Cowan, Adams & Cowan* and *Mr. Dale D. Rapp,* for appellee.
*Mr. Percy R. Taylor,* for appellant.

OVERMYER, J. The Industrial Commission prosecutes an appeal in this case to reverse a finding and judgment entered in Common Pleas Court against it and in favor of the appellee, Margaret Bower, awarding to her participation in the State Insurance Fund because of injuries sustained by her while engaged in the course of her employment on Friday, October 26, 1934.

The errors assigned are that the judgment is contrary to law, that it is not sustained by the evidence, and that the same should have been for the appellant commission.

At the time of her injury and for some years prior thereto, appellee was an employee of the Board of Education of Fremont, Ohio, as a teacher in the public schools of that city and on the day of her injury

---

* Reporter's Note—For former opinion in negligence action against driver of car, see *Bower* v. *Gibbs, ante,* 455.

she was attending a teachers' institute at Toledo, Ohio. Her attendance there, with other teachers of Fremont, was at the express request and direction of the superintendent of schools of Fremont, the schools of that city being closed on that day to enable the teachers to attend the institute held on Friday and Saturday, and the teachers who did attend received their regular pay for the day, while those who did not attend would forfeit a day's pay. Appellee was required to make a report of the sessions of the institute to her superintendent upon her return to Fremont, on a form furnished by the superintendent. It appears also that attendance or non-attendance at these institutes gave the teachers credits or discredits in their rating for re-employment for succeeding years. Appellee testified that she considered it compulsory on her part to attend the institute referred to herein.

No transportation was provided for appellee or other teachers to Toledo and return, or were any accommodations provided for them in that city. Appellee drove there from Fremont in her car on the morning of October 26th, and attended the forenoon and afternoon sessions of the institute with another teacher, a Miss Gibbs, a friend whom she met there, also a nonresident of Toledo. After the afternoon session appellee placed her baggage in Miss Gibbs' car at her invitation, and Miss Gibbs offered to take appellee to the May apartments in Toledo, where another friend of appellee's lived and with whom she testifies she intended to attend the evening session of the institute, then remain with her at the May apartments all night and attend the final sessions of the institute the next morning. Appellee states she had made these arrangements with her friend at the May apartments by letter some days before. She further states she did not know where the May apartments were located and was unfamiliar with the streets of Toledo. On the way to the May apartments the car of Miss Gibbs, in

which appellee was riding as a guest, was struck by another car, resulting in serious and permanent injuries to appellee which are the basis of the claim she made before the commission.

Appellee's claim was rejected by the commission on the ground that her injuries were not suffered in the course of her employment, and this is the point contended for here.

There are, of course, many reported cases in Ohio where courts have discussed and applied the statutory term "in the course of employment" in the interpretation and application of the Ohio Workmen's Compensation Law, but none has been cited or found by us where a fact situation such as here presented was before the court.

Two Ohio Supreme Court cases are cited by appellant as illustrating the general principles involved in an interpretation of the law applicable to this case, but it is conceded the facts are quite different from the facts here. These cases are: *Industrial Commission* v. *Lewis*, 125 Ohio St., 296, 181 N. E., 136, and *Industrial Commission* v. *Ahern*, 119 Ohio St., 41, 162 N. E., 272, 59 A. L. R., 367. We have examined these cases and find no difficulty in agreeing with the results thereof on the facts there stated. From the *Ahern case* we desire to quote paragraphs 2 and 3 of the syllabus:

"2. Under Section 35, Article II of our Constitution, and the law enacted pursuant thereto, the phrase, 'in the course of employment' connotes an injury sustained in the performance of some required duty done directly *or incidentally* in the service of the employer.

"3. An employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee's private and personal business, *disconnected with the employment,* is not entitled to compensation under the Workmen's Compensation Law." (Italics ours.)

In the course of the foregoing opinion by Judge Jones it is said:

"Under our statute the term 'employee' is construed to mean a 'person in the service' of an employer. * * * Many cases arise, some of which have been reported by this court, in which acts of service occupy a twilight zone, where employees are given the benefits of the compensation law *when their connection with the employment at the time of the injury was incidental and their services to the employer was indirect:* and in such cases it has been the established rule of this court that our Workmen's Compensation Law (Sections 1465-37 to 1465-108, General Code) should be liberally construed in favor of the injured employee; but in any case the employee in order to recover compensation must be 'in the service' of the employer." (Italics ours.)

It is the view of this court that the circumstances of the instant case show that at the moment of injury the appellee was performing duties incidental to her employment and a necessary part of her entire trip to Toledo to attend the institute, as she had been directed to do by her employer, and that she was doing at the time what her employer would reasonably expect her to do; that the "employment had some causal connection with the injury, either through its activities, its conditions or its environments." (*Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 130 N. E., 38; *Grabler Mfg. Co.* v. *Wrobel,* 125 Ohio St., 265, 181 N. E., 97, paragraph 2 of the syllabus.) Appellee had to eat somewhere and had to sleep somewhere during her stay in Toledo, no such accommodation being provided for her by the employer, and to say she might have had her dinner and have slept elsewhere would be no answer and no defense, for no one can say what might have befallen her in such event.

We are aware, of course, of the different situation that would have been presented had appellee been

injured in her home city while going from her home to the school where she taught, a fixed place of abode and a fixed situs of employment—situations such as were before the courts in *Industrial Commission* v. *Gintert*, 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032; *Inglish* v. *Industrial Commission*, 125 Ohio St., 494, 182 N. E., 31, 83 A. L. R., 210, and other cases.

We think many of the features and pronouncements of the case of *Industrial Commission* v. *Davison*, 118 Ohio St., 180, 160 N. E., 693, may be applied to this case. Paragraphs 2 and 3 of the syllabus are as follows:

"2. An employee is in the course of his employment while he is performing the obligation of his contract of employment.

"3. An accident incident to or the result of an act done while in the course of his employment, which act is appropriate and helpful to the accomplishment of the purpose of his employment, is a hazard of such employment."

Appellee's duties required her to attend the teachers' institute at Toledo as much as Professor Davison's duties required him to address the graduating class at Green Springs; her duties on the trip required her to get nourishment and sleep so she could attend two more sessions of the institute, just as much as it could have been the professor's duty to accept the rose, the class flower; and, quoting from the opinion:

"To have rejected it might have been harmful to the cause of his employer. To accept it would at least not be harmful, and might be helpful. He chose the helpful course. It involved an unexpected hazard, the same hazard that lurked in the specimen rose he [might have] exhibited to his class in botany in his own class room. [Or here might have happened to appellee while on the way to Toledo from Fremont.] What legal principle distinguishes the one from the

other? Each was an act done in an attempted further-ance of the purpose for the accomplishment of which he had been employed, and each was appropriate and helpful to such end."

We are cited by appellant to the case of *Wynn* v. *Southern Surety Co.* (Tex. Civ. App.), 26 S. W. (2d), 691, where a traveling salesman was struck by an automobile on a Sunday evening while going to his hotel after his evening meal at a restaurant, and his dependents were denied compensation because the salesman was not acting "in the course of employ-ment." In the opinion it is stated, however:

"The facts in the present case show that Mr. Wynn registered at the Raleigh Hotel on Saturday, and there is no testimony that gives any inkling or suggestion as to what he did or where he went or how he was en-tertained from the time he registered at said hotel until the time he was eating his evening meal at 6:30 at the cafe on Sunday afternoon. Neither is there any suggestion in the record as to where he was going after he finished his meal and started across the street going toward his hotel. * * *"

In the same opinion is cited the case of *United States Fidelity & Guaranty Co.* v. *Lowry* (Tex. Civ. App.), 231 S. W., 818, where it was held that, where a traveling salesman was returning by the direct route and method from *a trip on which he had been sent by his employer,* the injury *was received* "in the course of his employment."

We conclude that appellee was injured while doing an act incidental to and reasonably within the course of her employment and duties, and we find support for this view in the following cases: *Industrial Com-mission* v. *Henry,* 124 Ohio St., 616, 180 N. E., 194; *Bersche* v. *Industrial Commission,* 56 Ohio App., 236, 10 N. E. (2d), 285; *Rainford* v. *Chicago City Ry. Co.,* 289 Ill., 427, 124 N. E., 643; *Stockley* v. *School District,* 231 Mich., 523, 204 N. W., 715; *Howell* v. *School Dis-*

*trict,* 106 Pa. Sup., 89, 161 A., 559; *Ryan* v. *Industrial Commission,* 89 Colo., 393, 3 P. (2d), 300; *Western Pac. Rd. Co.* v. *Industrial Accident Comm.,* 193 Cal., 413, 224 P., 754; *Kyle* v. *Greene High School,* 208 Iowa, 1037, 226 N. W., 71; *Northwestern Iron Co.* v. *Industrial Commission,* 160 Wis., 633, 152 N. W., 416; *Taylor* v. *Industrial Commission,* 13 Ohio App., 262.

Some contention is made that Miss Gibbs in taking appellee to the May apartments did not take the most direct route from where she started with appellee, viz: the art museum in Toledo where the institute was held, but, instead, was first going to stop and see a cousin of hers on the way, and that the accident happened before arriving at the cousin's home. We do not think this material, particularly when the record shows that neither appellee nor Miss Gibbs knew just where the May apartments were located and neither was a resident of Toledo or familiar with its streets, and appellee testifies she did not know Miss Gibbs was going to stop anywhere and supposed they were on the direct route to the place Miss Gibbs said she would take her, viz: the May apartments.

The judgment of the lower court will be affirmed.

*Judgment affirmed.*

CARPENTER and LLOYD, JJ., concur.