PEARSON, APPELLANT, *v.* TAYLOR FRUIT FARM ET AL.,
APPELLEES.

[Cite as Pearson v. Taylor Fruit Farm,
18 Ohio App. 2d 193.]

(No. 598—Decided May 28, 1969.)

*Mr. John E. Duda*, for appellant.
*Mr. Paul W. Brown*, attorney general, and *Mr. William M. Culbert*, for appellee Elmer A. Keller, Administrator.

POTTER, J. This case is an appeal from a judgment of the Common Pleas Court of Sandusky County in a workmen's compensation case involving the application in Ohio of the "bunkhouse rule." Counsel for both parties state that it is a case of first impression in Ohio, and our research does not permit us to dispute this allegation.

Marshall C. Pearson, plaintiff's decedent, was a farm hand employed by the Taylor Fruit Farm in Clyde, Ohio. On Saturday night, February 13, 1965, at approximately 10 p. m., Pearson burned to death when a shack or bunkhouse in which he was living on his employer's premises exploded and burned with him inside. He was survived by his widow, Elma Pearson, and three minor children, all of whom were dependent upon him. They were not,

however, living in the bunkhouse or even in the state of Ohio at the time of his demise.

The evidence indicates Pearson was a fixed-hour employee and not on call or subject to continuous employment. He had not, in fact, worked on the day of his death. The ultimate issue of whether the accident was one in the course of, and arising out of, his employment depended upon the determination of whether he was required by practical necessity to live in the employer's bunkhouse. Other terms for practical necessity have been used, such as implied requirement, reasonable requirement and compulsion of circumstances.

The testimony of the employer as to the oral contract of employment was to the effect that the use of the bunkhouse was permissive and without charge. Some of the employees used a bunkhouse and others secured their own accommodations. Other evidence brought out the low wage ($1 per hour), cost and availability of other accommodations, and the lack of or cost of public transportation.

Anyone who has wandered through the labyrinth of workmen's compensation cases in Ohio must appreciate the Herculean task of the trial court trying to reconcile and summarize in the limited time available to it the conflicting cases of all the various states on the "bunkhouse rule." There are many themes and many variations of a theme. A portion of the general charge of the trial court is contested. The applicable section reads as follows:

"In determining whether or not the injuries and death of plaintiff's decedent arose out of and in the course of his employment you may consider whether there was a practical necessity which may have required him to live on the premises of the employer. In so doing, you may consider the following:

"First, the availability of other housing;

"Second, the cost of other available housing;

"Third, the distance of other available housing from the place of his employment.

"If an employee is required to live on the premises of his employer either by the terms of his contract of em-

ployment or by the necessity of his work and circumstances, an injury received while occupying the premises is compensable even though the employee is not at work at the time of the injury.

"On the other hand, where the employee is not required to live on the premises of his employer and is free to remain or seek lodging elsewhere and the accident occurs when the employee is free to come and go as he pleases, or while the employee is engaged in an act purely personal to himslf and nowise associated with any duty reasonably incidental to his employment, injuries sustained while making use of the premises under such conditions are not compensable."

The basis of all of plaintiff's assignments of error is the last paragraph quoted. That portion of the charge was taken almost verbatim from the statement in 7 Schneider, Workmens Compensation Text, 87, set forth below:

"Conversely, where the employee is not required to live or board on the premises of his employer, and is free to remain or seek lodging elsewhere, or where the employment is not of a continuous nature, and the accident occurs when the employee is free to come and go as he pleases, or while the employee is engaged in an act purely personal to himself, and in nowise associated with any duty reasonably incidental to his employment, injuries sustained while making use of the premises are ordinarily held to be noncompensable."

The above quote refers to a fact situation or situations, which we do not think were present in the *Pearson* case. We think the following are the rule or rules which are applicable and in keeping with the modern trend in workmen's compensation law and the dictate that the law should be liberally construed. In coming to our conclusions we have read the various cases, texts and authorities on the subject. Many cases contra are of another vintage and era and cannot now be reconciled with modern decisions elsewhere or, on occasion, even within the same state. In 1 Larson, Workmen's Compensation, 421, Section 24, most

of the pertinent cases are catalogued and summarized, and, to make this opinion of reasonable length, we do not repeat those citations here.

We conclude that if an employee is required to live on the employer's premises, either by express terms of the contract of employment or under conditions of practical necessity where these conditions offer no reasonable alternative, an accident occurring during occupancy of housing facilities is compensable. See 1 Larson, Workmen's Compensation Law, 421 *et seq.*, Section 24 *et seq.*; 99 Corpus Juris Secundum 782, Workmen's Compensation; 58 American Jurisprudence 736, Workmen's Compensation, Section 229; *Johnson* v. *Arizona Highway Department* (1955), 78 Ariz. 415, 281 P. 2d 123. Where the employee is required to be on the premises under the foregoing conditions, his personal comfort and incidental activities are within the course of employment, including sleeping at night.

Closely allied to the fixed-hour resident employee cases are the cases where the employee is on continuous duty or on call, either living on or off the employer's premises. Courts, in cases of this type, frequently refer to "purely personal activities." It has been expressed that somewhere a line short of unlimited coverage of everything that happens on the premises must be drawn.

In drawing a line in Ohio we are aided in our decision by the case of *Sebek* v. *Cleveland Graphite Bronze Co.*, 148 Ohio St. 693. Paragraphs two and three of the syllabus are as follows:

"2. An injury occurs in the course of and arises out of employment within the contemplation of the Ohio Workmen's Compensation Act, if the injury followed as a natural incident of the work and as a result of exposure occasioned by the nature, conditions or surroundings of the employment.

"3. To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer. It is sufficient if he is injured in a pursuit or undertaking consistent with his con-

tract of hire and which in some logical manner pertains to or is incidental to his employment."

And by the case of *Marlow* v. *Goodyear Tire & Rubber Co.*, 10 Ohio St. 2d 18.

The trial court erred in including the third paragraph of the portion of the charge quoted above. The trial court should have charged the jury to the effect that if it found that Pearson was required to live on the premises of his employer, either by the express terms of his contract or by practical necessity, it should have found for the plaintiff, and if it did not so find, then it should have found for the defendants.

This court finding error in the general charge prejudicial to the claimant, judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed.*

BROWN, P. J., and STRAUB, J., concur.