[Cite as *Rolsen v. Walgreen Co.*, 2016-Ohio-8304.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104431

---

## THOMAS J. ROLSEN

PLAINTIFF-APPELLANT

vs.

## WALGREEN CO., ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-852946

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEYS FOR APPELLANT**

Robert J. Sindyla
Sindyla Law Offices, L.P.A.
7425 Royalton Road
North Royalton, Ohio   44133

Jacqueline Kim Roberts
J.K. Roberts Law Group, Ltd.
17601 W. 130th Street
Suite 4B
North Royalton, Ohio   44133


**ATTORNEYS FOR APPELLEES**

**For Walgreen Co.**

Margaret D. Everett
Vorys, Sater, Seymour & Pease, L.L.P.
200 Public Square
Suite 1400
Cleveland, Ohio   44114

**For Stephen Buehrer**

Mike DeWine
Ohio Attorney General
By:   Mark E. Mastrangelo
Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1}    Thomas J. Rolsen believes the denial of his claim for workers' compensation benefits, which was filed in response to an adverse reaction sustained from an inoculation voluntarily received at his employer's place of business, was erroneous. Finding no merit to the appeal, we affirm.

{¶2} The trial court granted summary judgment in favor of Walgreens, the employer, and against Rolsen. The evidence on appeal is limited to Rolsen's affidavit, attached to his brief in opposition to summary judgment. No other evidentiary materials were included in the appellate record. In that affidavit, Rolsen averred that he received a pneumonia vaccination while he was on duty as a manager of a Walgreens retail store. Walgreens offered vaccinations to the public and allowed its employees to partake for no charge. Rolsen was not required to get any inoculations as a term of employment. After receiving the injection, Rolsen experienced an adverse reaction. Ultimately, Rolsen was diagnosed with cellulitis, a known potential side effect of the particular vaccination at issue.

{¶3} Rolsen filed for workers' compensation benefits because he received the vaccination during work hours at his employer's facility. The industrial commission denied his claim. The denials were attached to the complaint. The staff hearing officer found that Rolsen did not sustain an injury in the course of his employment because receiving a vaccination was a personal decision and not mandated by the terms of his

employment. Having failed to obtain benefits administratively, Rolsen filed an administrative appeal. The trial court granted summary judgment against Rolsen, finding that Rolsen "was not under a 'duty' to receive [the] vaccine; there is not a 'causal connection' between his injury and his employment; and this injury was not in the 'course of his employment' as a manager" as a matter of law.

{¶4} Rolsen believes that summary judgment was inappropriate for several reasons: (1) genuine issues of material fact remain to be resolved by the trier of fact; (2) the trial court failed "to observe the requirement set forth in R.C. 4123.95 to construe" workers' compensation statutes liberally; and (3) the trial court and staff hearing officer erred by finding that the employee's personal decision to obtain the inoculation was not part of the analysis to determine whether an injury arose from employment. None of Rolsen's arguments have merit.

{¶5} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. "Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7. Not only is the appellate record incomplete — the only evidence included was attached to Rolsen's affidavit that was attached to his brief in opposition to summary judgment —

but Walgreens has not challenged Rolsen's evidence. In short, there are no facts in dispute, much less material ones, and the only issue advanced in the summary judgment proceedings was the application of law to the undisputed facts. The trial court did not err by deeming the facts to be undisputed.

{¶6} We also need not dwell on Rolsen's claim that the trial court failed to construe the workers' compensation statute liberally. A liberal consideration does not mean that a trial court must accept all workers' compensation claims as having merit or being in need of factual resolutions. Rolsen limited his argument to a claim that the "lower court's improperly slanted and unreasonably rigid application of these rules does not meet any requirements found in our common law or in the Revised Code." Thus, Rolsen believes that the liberal application of the law was avoided because the trial court based its decision on a standard not provided by law. Because, as will be made clear, the trial court's application of the undisputed facts to the black letter law in Ohio was correct, we cannot find that the trial court failed to liberally construe R.C. Chapter 4123 in favor of awarding benefits.

{¶7} Walgreens argued that summary judgment was appropriate because Rolsen's injury was not sustained in the course of his employment with Walgreens. Workers' compensation benefits eligibility is dependent on the employee sustaining an injury in the course and arising out of his employment. *Rosado v. Cuyahoga Metro. Hous. Auth.*, Inc., 8th Dist. Cuyahoga No. 87922, 2007-Ohio-1164, ¶ 8, citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990). The burden to establish that the injury so

occurred rests solely with the claimant.  *Id.*, citing *French v. AT&T Technologies, Inc.*, 69 Ohio App.3d 342, 347, 590 N.E.2d 821 (10th Dist.1990).

**{¶8}** As is pertinent to the issues advanced in this appeal, an employee is in the scope of his employment when performing a required duty done directly or indirectly in the service of the employer.  *Id.* at ¶ 10, citing *Indus. Comm. v. Ahern*, 119 Ohio St. 41, 162 N.E. 272 (1928), paragraphs two and three of the syllabus.   It is generally recognized that "an injured employee need not be in the actual performance of his duties in order for his injury to be in the 'course of employment,' and thus compensable."  *Kohlmayer v. Keller*, 24 Ohio St.2d 10, 11, 263 N.E.2d 231 (1970), citing *Marlow v. Goodyear Tire & Rubber Co.*, 10 Ohio St.2d 18, 23, 225 N.E.2d 241 (1967), and *Sebek v. Cleveland Graphite Bronze Co.*, 148 Ohio St. 693, 698, 76 N.E.2d 892 (1947).   However, injuries that occurred during a period when the employee is engaged in a purely personal pursuit or errand are not compensable.  *Id.*, citing *Indus. Comm. v. Lewis*, 125 Ohio St. 296, 181 N.E. 136 (1932); *Ashbrook v. Indus. Comm.*, 136 Ohio St. 115, 24 N.E.2d 33 (1939); and *Ahern*.

**{¶9}** Rolsen largely ignores the elephant in the room.   The crux of Rolsen's appellate argument is based on the presumption that Ohio workers' compensation law defines "in the course of employment" without reference to whether the employer required the activity directly or incidentally to the employee's service.   In so arguing, Rolsen has not addressed *Ahern*, the holding of which contravenes his presumption.   In *Ahern*, the claimant was employed at a department store.   A store policy permitted

employees to go to other departments before 10:00 a.m. to purchase items for their personal use, while the employees were on duty. The claimant, while on duty and being paid, left her department to shop in another department. As she was shopping, she slipped on a rug, causing her to fall backwards. The Ohio Supreme Court rejected the claim for workers' compensation, stating that "in the course of employment" means "an injury sustained in the performance of some required act done directly or indirectly in the service of the employer." *Id.* at 45. An employee who is injured when engaged in pursuance of the employee's private and personal business is not entitled to compensation, even if the employee is being paid while engaging in that personal business and the employer receives the benefit from the employee's use of the employer's services. *Id.* at paragraph three of syllabus.

{¶10} In the appellate briefing and again during oral argument, Rolsen placed much emphasis on the Fourth District's decision in *Williams v. Martin Marietta Energy Sys.*, 99 Ohio App.3d 520, 528, 651 N.E.2d 55 (4th Dist.1994), claiming that all workers' compensation claims are subject to the "totality of the circumstances," three-part test for determining whether a given injury "arose out of" the claimant's employment announced in *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981). Rolsen's reliance is misplaced. As the Ohio Supreme Court has repeatedly noted, workers' compensation claims are fact specific, and no one test or analysis applies to every claim. *State ex rel. Oakwood v. Indus. Comm. of Ohio*, 132 Ohio St.3d 406, 2012-Ohio-3209, 972 N.E.2d 590, ¶ 9; *Fisher v. Mayfield*, 49 Ohio St.3d 275, 280, 551 N.E.2d 1271 (1990).

Application of the *Lord/Fisher* factors is not mandatory, and courts were cautioned to avoid the application of bright-line rules that will lead to "unsound and unfair" results. *Id.* *Ahern* remains valid and binding precedent, and we must give consideration to the analysis contained therein.

{¶11} Although given the opportunity, the Ohio Supreme Court has not overruled *Ahern*. *Kuehr v. Bobbie Brooks, Inc.*, 57 Ohio App.2d 72, 76, 385 N.E.2d 320 (8th Dist.1978); *Brady v. Safety-Kleen Corp.*, 61 Ohio St.3d 624, 652, 576 N.E.2d 722 (1991). As a result, the sole issue before us is whether Rolsen's voluntary decision to receive a vaccination, although encouraged by Walgreens to whom a monetary benefit may have flowed, is within the "course of employment" for the purposes of awarding workers' compensation benefits based on the injury sustained from the injection. Even considering all the undisputed evidence in the light most favorable to Rolsen, his injury was not sustained in the course of his employment.

{¶12} In this case, the factual similarities between Ahern and Rolsen are too great to be ignored: (1) neither employee was acting in the service of the employer at the specific time of the accident; (2) both employees were involved in personal pursuits; (3) the privilege granted by each employer existed for all employees of the respective company; and (4) both employers received some monetary benefit from offering employees an incentive to partake in the employer's publicly offered services. *See also Kuehr* (employer's policy of giving preference to employees to purchase sale items did not transform a personal business or errand into an activity within the course of

employment). Rolsen chose to use his employer to obtain the voluntary inoculation during work hours. The analysis does not change because Walgreens allowed employees the option to embark on the personal diversion while on duty and received some benefit from the employees' use of Walgreens' retail services.

{¶13} Further, employees of health services providers, in the general sense, are not given greater protection under workers' compensation laws than other employees in nonmedical fields for injuries directly sustained from personal medical treatment. *See, e.g., Beharry v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 68050, 1995 Ohio App. LEXIS 5178, 3 (Nov. 22, 1995). In *Beharry*, for example, a Cleveland Clinic employee, while on break, went to a personal dermatological appointment within the Clinic's facilities where she worked. The employee was injured crossing the street, which was patrolled by the Clinic's security forces. It was concluded that the medical care sought was not for any work-related injury and her medical appointment was therefore personal in nature. *Id.* at 5. Importantly, it was noted that the claimant could have sought her medical treatment elsewhere, but chose her employer's department of her own volition. *Id.* at 11-12. That an employee has another option is crucial and requires that appellate courts view the choice to use an employer's medical services the same as the employee's decision to use any other medical services provider for personal medical care that would inherently be outside the course of employment. *Id.* A notable exception is if the employer requires those medical services or requires particular providers as a term of employment. *Id.*; *Spicer Mfg. Co. v. Tucker*, 127 Ohio St. 421, 188 N.E. 870 (1934) (an

employee suffers an injury arising out of and in the course of his employment when the employer requires the employee to be vaccinated by the employer's physician both during working hours and upon the employer's authority, and the wound becomes infected causing death or disability).

{¶14} In an effort to circumvent the personal business or errand doctrine, Rolsen argues that not all personal activities preclude the awarding of benefits. It is true that under Ohio law, an employee who sustains injuries while engaged in otherwise personal activities that are instigated by or subsidized by his employer may be deemed to be within the course of his employment in limited circumstances. *Weaver v. Eaton Corp.*, 8th Dist. Cuyahoga No. 56897, 1990 Ohio App. LEXIS 1732, 11-12 (May 3, 1990), citing *Bower v. Indus. Comm.*, 61 Ohio App. 469, 472-473, 22 N.E.2d 840 (6th Dist.1939); *Sebek,* 148 Ohio St. 693, 76 N.E.2d 892 (*Sebek* was limited in *Johnson v. Indus. Comm.*, 164 Ohio St. 297, 130 N.E.2d 807 (1955), paragraph four of the syllabus); *Pearson v. Taylor Fruit Farm*, 18 Ohio App.2d 193, 248 N.E.2d 231 (6th Dist.1969); *Burkett v. Mayfield*, 7th Dist. Mahoning No. 87 C.A.152, 1988 Ohio App. LEXIS 5230. The common theme in each of the cases, however, was that the employee was required by his employer to be in the situation giving rise to the injury. *Id.* at 12. For instance, *Bower* involved a teacher attending a mandatory, out-of-town conference who was injured while en route; *Pearson* involved an employee killed in a bunkhouse fire while he was living at his place of employment to perform his job duties; and *Burkett* involved an employee house hunting

because of an employer-mandated move. Rolsen was not required to get the inoculation or have the injection performed by his employer.

{¶15} In addition, Rolsen has not demonstrated that his injury would have occurred in the course of his employment regardless of the detour to complete the personal business or errand. *Taylor v. Meijer, Inc.*, 182 Ohio App.3d 23, 2009-Ohio-1966, 911 N.E.2d 344 (2d Dist.), is illustrative. In that case, the Second District held that although the employee of a grocery store engaged in a personal errand, shopping for grocery items immediately after completing a shift, the minor diversion was not sufficient to deem her fall, which occurred on the way to her parked car, to be outside the course of her employment. *Id.* at ¶ 24. As the Second District recognized, the employee had to exit the store and return to her vehicle as a function of her employment, so the fact that she had previously and briefly deviated from her departure did not alter the analysis. *Id.* Rolsen has not demonstrated any factual basis to conclude that his deviation from his work-related obligations was in the course of employment.

{¶16} Rolsen availed himself of an opportunity to complete a personal errand while on company time, the same as the employee in *Ahern*, 119 Ohio St. 41, 162 N.E. 272, which remains controlling precedent in Ohio. In addition, the unexpected reaction to the inoculation, the injury at issue, would not have occurred but for Rolsen's personal decision to get vaccinated through his employer who provided the service to the public. In other words, the injury was only sustained as a result of the personal errand, unlike in

*Taylor* where the errand was only a slight deviation and the injury occurred in an activity logically related to work.

{¶17} We acknowledge that other states have taken a different approach to the question of whether adverse reactions to vaccinations received during working hours are compensable under workers' compensation laws. *See, e.g., E.I. DuPont de Nemours & Co. v. Faupel*, 859 A.2d 1042, 1044 (Del.Super.Ct.2004) (a flu vaccination, resulting in injury may be covered by state law if there is a combination of strong urging by the employer and some element of mutual benefit in the form of lessened absenteeism and improved employee relations). On the other hand, other states take an approach similar to the one adopted in Ohio. *See, e.g., Blakeslee v. Platt Bros. & Co.*, 279 Conn. 239, 249, 902 A.2d 620 (2006), citing *Smith v. Seamless Rubber Co.*, 111 Conn. 365, 368-69, 150 A. 110 (1930) (if the employee's activity is for the exclusive benefit of the employee so that it is a personal privilege or is one which the employer permits the employee to undertake for the benefit of some other person or for some cause apart from the employer's own interests, the injury is not compensable under workers' compensation law). Rolsen contends that an employer receives an incidental benefit from the employee's personal decision to be inoculated against common ailments through increased productively. Even if we were inclined to agree with Rolsen, we cannot review the public policy rationale in amending Ohio's approach to awarding workers' compensation benefits based on injuries sustained from voluntarily obtained vaccinations received during working hours unless *Ahern* is overruled.

**{¶18}** The trial court did not err in finding, as a matter of law, that Rolsen's injury was not sustained in the course of his employment. The facts were undisputed. Rolsen was engaged in a personal errand at the time of injury, and the fact that the employer encouraged and obtained some benefit from the employee's decision to use the employer's services does not alter the outcome. We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR