[Cite as *Samuel v. Progressive Cas. Ins. Co.*, 2017-Ohio-388.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104472

## ANGELA SAMUEL

PLAINTIFF-APPELLANT

vs.

## PROGRESSIVE CASUALTY INSURANCE CO., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-847070

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 2, 2017

**FOR APPELLANT**

Angela Samuel, pro se
12841 Walnut Hill Drive
North Royalton, Ohio 44133

**ATTORNEYS FOR APPELLEE**

Timothy L. Zix
Christopher B. Ermisch
Taft Stettinius & Hollister, L.L.P.
200 Public Square, Suite 3500
Cleveland, Ohio 44114

ANITA LASTER MAYS, J.:

**{¶1}** Plaintiff-appellant Angela Samuel ("Samuel") appeals, pro se, the trial court's grant of summary judgment in favor of Progressive Casualty Insurance Co. ("Progressive"), and the Ohio Bureau of Workers' Compensation ("BWC"), finding that Samuel did not suffer a compensable, work-related injury. We affirm the trial court's findings.

## I.    Facts and Background

**{¶2}**    Samuel was employed by Progressive as a retention specialist, a job requiring speaking with clients by telephone, computer access, giving presentations and occasionally attending meetings. Samuel worked primarily from her residence in North Royalton. In the event of technical problems, Samuel worked on-site at the 300 North Commons Boulevard location of Progressive's campus in Mayfield, Ohio. Samuel's regular work schedule was Monday, Tuesday, Wednesday, and Saturday from 8:00 a.m. to 1:00 p.m., and from 7:00 p.m. to midnight.

**{¶3}** From February 10, 2014 to March 8, 2014, Samuel was on a leave of absence and, from March 8, 2014 to March 25, 2014, subject to work restrictions. Both periods were covered under the Family Medical Leave Act ("FMLA"). Samuel's FMLA entitlement was due to issues unrelated to her employment. Progressive's Leave of Absence Department ("LOA") notified Samuel upon initiation of her FMLA request

that LOA policy required that all documentation be emailed, mailed, or faxed to LOA. Samuel denies receiving notification of the policy.

{¶4} Documents submitted to LOA by Samuel and her doctors during the FMLA period were sometimes misplaced by LOA and, at other times, LOA denied receipt. Samuel asserts that she was contacted by LOA just a few days prior to March 25, 2014, and advised that she would be terminated if she failed to submit FMLA paperwork justifying her work restrictions by that date.

{¶5} Concerned that she would miss the deadline, and in light of the prior issues with LOA regarding receipt or misplacement of documents, the evening of Sunday, March 23, 2014, Samuel decided to hand-deliver the paperwork to the Human Resource Department ("HR"), located in the West Building of the Progressive campus. The West Building was accessible to employees for 24 hours per day, seven days per week. Samuel was not aware that LOA, located in the North Building of the campus, was not part of HR. LOA's operating hours were Monday through Friday from 7:00 a.m. to 6:30 p.m.

{¶6} Samuel placed the documents on the unattended reception desk outside of the HR department. As Samuel descended the stairway to leave, she slipped on a substance that she later described as coffee, injuring her right side. An employee who witnessed the fall contacted security. Samuel informed the guard that she was feeling dizzy after the fall, but the guard refused to call an ambulance until he talked with his supervisor. An ambulance transported Samuel to Hillcrest Hospital approximately one hour after the incident.

**{¶7}** On January 29, 2015, the Ohio Industrial Commission ("OIC") denied Samuel's workers' compensation claim ("Claim"). Progressive argued that the injury did not occur within the scope of Samuel's employment, the injury was idiopathic based on Samuel's historical issues of dizziness, and that there was no credible evidence that the incident occurred as described. Samuel, represented by counsel, argued that any prior claims of dizziness or headaches were unrelated, infrequent, and had been treated prior to the injury.

**{¶8}** The hearing officer disallowed the claim, finding that Samuel failed to establish, by a preponderance of the evidence, that she sustained a compensable injury, or to refute idiopathic causation. Samuel had been seeing a physician due to dizziness for the prior six months, a symptom that the evidence showed occurred more frequently during the two weeks prior to the injury. Though Samuel asserted that she slipped on coffee, the security guard testified there was no coffee or other substance on the steps.

**{¶9}** On March 27, 2015, Samuel's appeal to the OIC was denied. The OIC also determined that the cause of injury was idiopathic. On June 17, 2015, Samuel appealed to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512.

**{¶10}** On April 12, 2016, the trial court granted summary judgment for Progressive, finding that Samuel did not suffer a work-related injury. Samuel filed this pro se appeal.

**II.     Standard of Review**

**{¶11}** We first address the broad scope of the trial court's review under R.C. 4123.512, as compared to typical administrative appeals. A claimant effectively begins anew, without regard to the proceedings before the OIC:

> An R.C. 4123.512 appeal "necessitates a new trial, without reference to the administrative claim file or consideration of the results of the administrative hearings" and "is not a record review or an error proceeding." Rather, pursuant to the key final sentence of R.C. 4123.512(D), "[t]he court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."

*Bennett v. Admr., Ohio Bureau of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 19, quoting *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St 3d 361, 368, 691 N.E.2d 667 (1998).

**{¶12}** The claimant bears the burden of proving entitlement to coverage. "The proceedings are de novo both in the sense of receipt of evidence and determination." *Bennett* at ¶ 2, quoting *Robinson* at 368.

**{¶13}** Our review of summary judgment on appeal is also de novo:

> Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. "Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

*Rolsen v. Walgreen Co.*, 8th Dist. Cuyahoga No. 104431, 2016-Ohio-8304, ¶ 5.

**{¶14}** The initial burden is on the party moving for summary judgment:

The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists. *Id.* To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts. *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, ¶ 9.

*Lillie & Holderman v. Dimora*, 8th Dist. Cuyahoga No. 100989, 2015-Ohio-301, ¶ 9.

### III. Assignments of Error

{¶15} Samuel's pro se brief offers two assigned errors that effectively contain arguments regarding the proceedings and evidence. We discern that the basis for her appeal is error by the trial court in granting summary judgment, as also construed and briefed by Progressive, and we will address Samuel's asserted issues in that context. We affirm the trial court's findings.

### IV. Law and Analysis

{¶16} Samuel argues that the trial court obstructed Samuel's introduction of evidence supporting that: 1) as the result of LOA's misplacement of her paperwork and the threat of termination of untimely submission, she was required to deliver the paperwork; 2) Progressive's prior erroneous termination of her employment during the FMLA period as the result of misplaced paperwork motivated delivery of the documents; and 3) Samuel's documents and medical reports substantiating her arguments are not contained in the record.

**{¶17}** To establish the right to participate in the workers' compensation fund, a claimant must show by a preponderance of the evidence both that the injury arose out of and in the course of employment, and that a proximate causal relationship existed between the injury and the harm or disability. *White Motor Corp. v. Moore,* 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus.

**{¶18}** The OIC transcript contained in the record before us reflects Samuel's objections to Progressive's assertions. Samuel pointed to evidence supporting her position that her counsel apparently failed to provide to the hearing officer, but agreed to supply after the hearing.

**{¶19}** One of the exhibits that Samuel argues she was precluded from introducing at the trial court is a writing evidencing that she was required to deliver the paperwork due to the threat of termination for failure to submit it by the deadline. Samuel referenced the document in addressing the hearing officer. The hearing officer responded that he did not think that the OIC received the paperwork. Samuel's counsel confirmed that he "did not think so." Samuel asked the hearing officer whether it could be submitted, and her attorney stated he would make copies for the hearing officer.

**{¶20}** It appears from the transcript that the referenced statement was read into the record by counsel for Progressive:

> [Counsel]: I was going to say you have the statement of Ms. Burian [the Progressive LOA employee] with the time, the FMLA time, LOA time she [Samuel] took. All this statement says is that as of 2-28 apparently, there's not a date else [sic] that I see on this, that she did not have documentation to support time off after 3-8 and she needs to submit paperwork from your doctor

to extend time off after 3-8. If you don't have that paperwork, you need to submit FMLA paperwork by 3-25 in order to protect the time off.

[Samuel]: Exactly. So she [Burian] was saying that I did not have any paperwork, which she had, that I was supposed to have restrictions during that time. So she already had the paperwork, but she's sending me an email saying she did not have any paperwork supporting anything, and she did have it for [frequent lavatory access], but that I was supposed to be at work but with restrictions during that time.

(Tr. 35.)

**{¶21}** Samuel also refuted Progressive's allegations that the cause of the incident was idiopathic resulting from Samuel's history of dizzy spells. Counsel for Samuel also agreed to furnish the hearing officer with copies of medical records referenced by Samuel during the hearing.

**{¶22}** The trial court record contains Progressive's notice of submission of transcript of the January 29, 2015 OIC hearing. While exhibits are referenced in the transcript, no exhibits accompany the submission. The record also contains Progressive's notice of filing Samuel's December 1, 2015 deposition transcript. There are no deposition exhibits included in the record.

**{¶23}** Progressive submitted its motion for summary judgment by the dispositive motion deadline of February 29, 2016. Progressive supported its motion with (1) excerpts from the OIC hearing transcript, (2) excerpts from the Samuel deposition, (3) the affidavit of Patricia A. Burian ("Burian"), the leave specialist assigned to work with

Samuel, and (4) copies of three legal cases in support of Progressive's position. No other exhibits were attached.

{¶24} Samuel was represented by counsel at the trial court level, though not by the same individual who appeared before the OIC. Attached in support of Samuel's opposition to summary judgment is an excerpt from the OIC hearing, and four pages of Samuel's deposition testimony, explaining the basis for her assertion that she was required to deliver the paperwork. There are no affidavits or exhibits. There are also no objections in the record to Progressive's failure to provide exhibits.

{¶25} The trial court's decision is cursory, finding that the injury was not work-related. As we have already established, on appeal from the OIC under R.C. 4123.512, the trial court's review is de novo. Thus, the trial court is required to "determine the right of the claimant to participate in the fund [solely] upon the evidence adduced at the hearing of the action." *Szulinski v. Kellison & Co.*, 8th Dist. Cuyahoga Nos. 99672 and 99674, 2014-Ohio-111, ¶ 25.

{¶26} "[A]n employee is in the scope of his employment when performing a required duty done directly or indirectly in the service of the employer." *Rolsen v. Walgreen Co.*, 8th Dist. Cuyahoga No. 104431, 2016-Ohio-8304, ¶ 8, citing *Rosado v. Cuyahoga Metro. Hous. Auth., Inc.*, 8th Dist. Cuyahoga No. 87922, 2007-Ohio-1164, ¶ 10, citing *Indus. Comm. v. Ahern*, 119 Ohio St. 41, 162 N.E. 272 (1928), paragraphs two and three of the syllabus.

**{¶27}** Though the law requires that workers' compensation laws be liberally construed in favor of an employee, we are also guided by the premise that "[a]n employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law." *Indus. Comm. of Ohio v. Ahern*, 119 Ohio St. 41, 46, 162 N.E. 272 (1928).

**{¶28}** We recently determined that, "workers' compensation claims are fact specific, and no one test or analysis applies to every claim." *Rolsen* at ¶ 10, citing *State ex rel. Oakwood v. Indus. Comm. of Ohio*, 132 Ohio St.3d 406, 2012-Ohio-3209, 972 N.E.2d 590, ¶ 9; *Fisher v. Mayfield*, 49 Ohio St.3d 275, 280, 551 N.E.2d 1271 (1990). As a result,

> Application of the *Lord/Fisher* factors[1] is not mandatory, and courts were cautioned to avoid the application of bright-line rules that will lead to "unsound and unfair" results. *Id. Ahern*, [119 Ohio St. 41, 46, 162 N.E. 272 (1928)] remains valid and binding precedent, and we must give consideration to the analysis contained therein.

*Rolsen* at ¶ 10. However, injuries suffered when a claimant is "engaged in a purely personal pursuit or errand" are not compensable under workers' compensation law. (Citation omitted.) *Rolsen* at ¶ 8.

---

[1] *Lord v. Daugherty*, 66 Ohio St.2d 441, 444, 423 N.E.2d 96 (1981), and *Fisher,* 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, ("(1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.")

**{¶29}** The Burian affidavit, submitted to support Progressive's motion for summary judgment, states that LOA did not direct that Samuel deliver her paperwork, prior submissions by Samuel were made by facsimile or email, and the Progressive policy specifically states that paperwork is to be "faxed, emailed, or mailed." Samuel does not deny the method of delivering prior submissions. Instead, Samuel states that, due to the loss of prior paperwork and the one-to-two-day deadline for delivery, she was compelled to hand-deliver the documentation to ensure receipt.

**{¶30}** Samuel argued in her opposition to summary judgment that the existence of the policy did not mean that an employee was barred from hand-delivering documents. We note that there is no copy of the Progressive policy attached to the Burian affidavit, and there is no copy of the policy elsewhere in the record.

**{¶31}** Progressive argues that Samuel did not produce evidence to support her claim that she received notice that she would be terminated if she did not "hand-deliver" the paperwork. In light of the absence of exhibits, we are unable to determine whether Progressive's argument is that Samuel never produced the document from Progressive directing that she deliver the paperwork by the submission deadline, or that the document was produced, but does not specifically require that Samuel hand-deliver the paperwork.

**{¶32}** Based on the record before us, we concur with the trial court's finding that Samuel's alleged injury did not occur during the course of her employment. There is no evidence that Samuel was required to deliver documents on a Sunday evening. Samuel admits that she hand-delivered the documentation to insure that the paperwork

was actually received. However, in lieu of delivering the documents during regular working hours where she could physically deliver the paperwork to a responsible individual and obtain confirmation of receipt of the information, she chose to leave the documents at an unattended reception desk.

**{¶33}** It is established that:

> [U]nder Ohio law, where an employee sustains injuries while engaged in otherwise personal activities which are instigated by or subsidized by his employer, that employee will be within the course of his employment and the injury will be determined to have arisen from that employment for workers' compensation purposes.

(Citations omitted.) *Weaver v. Eaton Corp.*, 8th Dist. Cuyahoga No. 56897, 1990 Ohio App. LEXIS 1732, at *11 (May 3, 1990); *Rolsen*, 8th Dist. Cuyahoga No. 104431, 2016-Ohio-8304, ¶ 14. We do not find that the employer instigated or subsidized Samuel's delivery decision.

**{¶34}** We agree that certain documentation referenced by Samuel is not included in the record. However, Samuel did not proffer the documents as evidence before the trial court. Further, where no objection is made to the failure of Progressive to submit the transcript exhibits, the decision to consider the deposition and hearing transcript as presented, is wholly within the court's discretion. "[A] party's failure to object to the propriety of evidence submitted in support of a motion for summary judgment constitutes a waiver of any alleged error in the consideration of such evidence." *Abbott v. Sears, Roebuck & Co.*, 11th Dist. Trumbull No. 2003-T-0085, 2004-Ohio-5106, ¶ 15.

**{¶35}** The record also contains substantial evidence supporting an allopathic cause of the alleged fall in this case. During Samuel's deposition, Samuel refuted the Hillcrest emergency room records of the incident. Samuel denied informing Hillcrest that she was not sure if she tripped, was just dizzy or both, that she had been suffering from chronic dizziness for more than a week, and that she was scheduled to have a magnetic resonance imaging ("MRI") scan the following week to determine the cause.

**{¶36}** The deposition testimony recites consultations with several physicians, including March 10, 2014 medical documentation referencing a history of dizziness and blurred vision for the past five to six months. A March 19, 2014 email from Samuel to two LOA employees provides, "It is already known that I am having vision problems and problems with being dizzy. * * * When these things happen, I can't make myself see or stop being dizzy."

**{¶37}** We find that, viewed in a light most favorable to Samuel, there are no genuine issues of material fact. *Rolsen,* 8th Dist. Cuyahoga No. 104431, 2016-Ohio-8304, ¶ 5.

**{¶38}** The trial court's order is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY