[Cite as *Shaeffer v. FC Industries, Inc.*, 2023-Ohio-3732.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| CHARLES R. SHAEFFER | : | |
| | : | |
| Appellant | : | C.A. No. 29758 |
| | : | |
| v. | : | Trial Court Case No. 2021 CV 04424 |
| | : | |
| FC INDUSTRIES INC ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 13, 2023

. . . . . . . . . . .

JENNIFER L. LAWTHER & ERIN E. SAWYER, Attorneys for Appellant

KARL R. ULRICH, JOSHUA R. SCHIERLOH & COREY H. BUSHLE, Attorneys for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant Charles R. Shaeffer appeals from an order of the Montgomery County Common Pleas Court granting summary judgment to Defendant-Appellee FC Industries Inc. ("FCI") on Shaeffer's workers' compensation claim. For the following reasons, we will reverse the judgment of the trial court.

I.     Facts and Course of Proceedings

{¶ 2} On February 28, 2020, Shaeffer was injured when he fell during the course of his employment at FCI.   Shaeffer filed an application for workers' compensation benefits, which was allowed for the conditions of "right hip contusion and right shoulder sprain."

{¶ 3} On May 10, 2021, Shaeffer filed a request that his claim be amended to include the additional condition of "substantial aggravation of pre-existing right rotator cuff tear."   Following a hearing, the District Hearing Officer issued an administrative order denying the request.   Shaeffer appealed the decision of the District Hearing Officer to a Staff Hearing Officer of the Ohio Industrial Commission.   The Staff Hearing Officer issued an order affirming the District Hearing Officer's order and denying the request.   Shaeffer appealed to the Ohio Industrial Commission, but the Commission issued a September 13, 2021 order refusing the appeal.

{¶ 4} On October 27, 2021, Shaeffer filed a notice of appeal and a complaint in the Common Pleas Court of Montgomery County.   Shaeffer requested the court grant him judgment allowing for his further participation in the Ohio workers' compensation system for the substantial aggravation to his pre-existing injury.

{¶ 5} On September 7, 2022, FCI filed a motion to compel responses to its first request for production of documents.   Attached to this motion was a "Certificate of Impasse" in which counsel for FCI explained his efforts to resolve the discovery dispute informally.   According to FCI's counsel, Shaeffer's previous counsel and current counsel

both had ignored the discovery requests submitted by FCI despite multiple reminders sent by FCI's counsel.

{¶ 6} On September 30, 2022, while its motion to compel was pending, FCI filed a motion for leave to file a motion for summary judgment. FCI requested permission to file a motion for summary judgment past the deadline contained in the trial court's final pretrial order, because Shaeffer had completely failed "to litigate this action and engage in discovery, which prejudiced FCI's ability to formulate a defense and move for relief under Rule 56." Motion for Leave, p. 1. The trial court granted FCI's motion for leave.

{¶ 7} In its motion for summary judgment, FCI argued that there was no genuine issue of material fact, because Shaeffer had failed to disclose any evidence in support of his claim. According to FCI, "[s]ince Plaintiff alleges a substantial aggravation, objective medical evidence is necessary for him to support his claim." Motion for Summary Judgment, p. 5. FCI contended that Shaeffer "cannot possibly prevail on his claim because [he] has submitted neither a single expert report nor a single document within the discovery period showing whether [Shaeffer] suffered from a pre-existing condition, and to what extent, if any, the condition was aggravated by an alleged workplace injury." Id. at 6. FCI also noted that "any evidence [Shaeffer] might try to attach to a response to this Motion could not be used at trial since [Shaeffer] did not exchange any discovery before the discovery cutoff." Id.

{¶ 8} Shaeffer filed a response in opposition to FCI's motion. Shaeffer noted that FCI had presented no evidence in support of its motion for summary judgment. According to Shaeffer, FCI "must be able to specifically point to some evidence of the

type listed in Civ.R. 56 which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims." November 18, 2022 Brief in Opposition, p. 4, citing *Leech v. Schumaker*, 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13, quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Shaeffer also attached to his opposition brief two letters authored by Paul A. Nitz, M.D. that were addressed to Shaeffer's prior counsel. The letters were dated August 10, 2020, and September 21, 2020. In the latter of these two letters, Dr. Nitz stated, in part: "Mr. Shaeffer's previous pathology of his shoulder was made significantly worse and subsequently more functionally challenging for him as the result of his traumatic event that occurred to his shoulder in his injury on 2-28-20. Therefore, in the wording of BWC, he has a diagnosis of rotator cuff tear, massive retracted, that was substantially aggravated by this fall at work on 2-28-20." These two letters were not attached to an authenticating affidavit and were not accompanied by a curriculum vitae.

{¶ 9} In its reply memorandum in support of its motion for summary judgment, FCI argued that the evidence submitted by Shaeffer in opposition to the motion for summary judgment was "not properly before this court as it was not disclosed in discovery and is not properly incorporated into an affidavit as required by the Civil Rules. Moreover, the evidence contains improper expert testimony under Evid.R. 702." November 28, 2022 Reply Brief, p. 1. FCI concluded that the trial court should grant summary judgment, because there was no evidence before the trial court related to Shaeffer's claim of aggravation of a pre-existing workplace injury. *Id.* at 5.

{¶ 10} On February 28, 2023, the trial court granted FCI's motion for summary

judgment and found that FCI's motion to compel was moot. In its decision, the trial court noted that "Defendant claims the only evidence of Defendant's injury is that which is stated in the Complaint. Defendant points out that it has not received any discovery documenting objective diagnostic findings, objective clinical findings, or objective test results; specifically, it has not received an expert report within the discovery deadline." Decision Granting Summary Judgment, p. 4. Based on the record before it, the trial court found, in pertinent part:

Plaintiff claims that Defendant has not met its initial burden under Civ.R. 56. * * * Defendant has pointed to evidence in the Complaint and the Motion to Compel and attached Certificate of Impasse which are all part of the record to establish that no evidence has been submitted in a timely manner that can substantiate Plaintiff's claim. Defendant has met its initial burden under Civ.R. 56.

However, Plaintiff has not met his reciprocal burden. Plaintiff has not offered any evidence which complies with Civ.R. 56 to substantiate his claim. The only evidence offered by Plaintiff and attached to his Response were what appear to be two letters written by Dr. Nitz and addressed to Plaintiff's original counsel. The letters do not have an accompanying affidavit to authenticate their contents. As such the letters are not proper Civ.R. 56 evidence. Plaintiff must produce evidence for which they have the burden of production at trial and they have not done so. To establish that he aggravated a pre-existing injury, Plaintiff must produce expert

testimony. There is no evidence before the court to establish a genuine issue of material fact remains on Plaintiff's claims, specifically the element of his claim that he aggravated a pre-existing injury.

Decision Granting Summary Judgment, p. 4-5.

{¶ 11} Shaeffer filed a timely notice of appeal.

II.     The Trial Court Erred in Granting Summary Judgment to FCI Where FCI Failed to Carry Its Initial Summary Judgment Burden

{¶ 12} Shaeffer's sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING APPELLEE FC INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT.

{¶ 13} When reviewing a summary judgment ruling made by a court of common pleas from an appeal of a decision by the Industrial Commission, we apply the same standard used to assess any other summary judgment ruling, which is de novo review. *Lafon v. Iron Tiger Logistics*, 2d Dist. Clark No. 2015-CA-11, 2015-Ohio-2428, ¶ 8. "De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial." *McAlpine v. McCloud*, 2021-Ohio-2430, 175 N.E.3d 948, ¶ 13 (2d Dist.), citing *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 14} "Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the

moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." (Citations omitted.) *Taylor v. Meijer, Inc.*, 182 Ohio App.3d 23, 2009-Ohio-1966, 911 N.E.2d 344, ¶ 11 (2d Dist.).

{¶ 15} The moving party has the burden of demonstrating that no genuine issue exists as to any material fact. *Harless v. Willis Day Warehousing Co., Inc.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once the moving party has satisfied its burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmoving party bears a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). If no genuine issue of material fact exists, summary judgment must be awarded as a matter of law.

{¶ 16} Shaeffer contends that the trial court erred in granting summary judgment, because "[t]here were no affidavits, transcripts of evidence, stipulations or any other form of evidence described in Civ.R. 56(C) in support of [FCI's] Motion for Summary Judgment." Appellant's Brief, p. 6. Further, Shaeffer argues that he attached medical records and reports of his expert, Dr. Nitz, to his response in opposition to FCI's motion, which demonstrated a genuine issue of material fact regarding his underlying workers' compensation claim. *Id.* at 7.

{¶ 17} FCI responds that Shaeffer's failure to support his claim with properly authenticated objective medical evidence required the trial court to grant the summary judgment motion. Further, FCI contends that the "expert reports" relied on by Shaeffer in opposition to the summary judgment motion were not produced in discovery and were not admissible under Evid.R. 702. Therefore, the trial court did not err in granting summary judgment to FCI.

{¶ 18} Although we summarized the summary judgment standard above, the arguments of the parties in this appeal require us to take a closer look at the summary judgment standard, especially the burdens it imposes on the respective parties. In *Dresher*, the Ohio Supreme Court laid out the shifting burdens in the context of a motion for summary judgment. The Court held:

> * * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. *The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.* Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. *If the moving party fails to satisfy its initial*

*burden, the motion for summary judgment must be denied.* However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

(Emphasis added.) *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 19} The *Dresher* Court went on to address the situation where neither party provides evidentiary materials demonstrating that there are no material facts in dispute. The Supreme Court explained:

The question certified by the court of appeals in this case is, "[m]ay a court grant summary judgment when *neither* the movant nor the non-movant provides evidentiary materials demonstrating that there are no material facts in dispute and the movant is entitled to judgment as a matter of law?" (Emphasis *sic.*) We answer that question in the negative. As stated in our discussion *supra*, the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The "portions of the record" to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. Here, [the moving

party] could point to no such evidence clearly demonstrating that appellees lacked proof of the negligence claim. Where, as here, the moving party does not satisfy its initial burden under Civ.R. 56, the motion for summary judgment must be denied.

*Id.* at 295-296.

**{¶ 20}** The essence of FCI's argument to the trial court was a conclusory assertion that Shaeffer had no evidence to prove his case. But FCI did not submit or point to any evidence in support of this conclusory allegation. Rather, it simply cited the fact that Shaeffer did not timely produce documents in response to FCI's discovery requests and, from that fact, it inferred that Shaeffer must not have any documents to support his claim. The *Dresher* Court, however, cautioned that such conclusory allegations cannot be the basis on which summary judgment is granted.

**{¶ 21}** We acknowledge the frustration a party like FCI may have when the opposing party does not meet its discovery obligations in a timely fashion. Moreover, we acknowledge that a trial court has authority in limited circumstances to dismiss an action based on a party's failure to comply with a discovery order or the party's failure to diligently prosecute the action. Civ.R. 37 and 41. However, dismissal of an action pursuant to Civ.R. 37 or 41 should be seen as a last resort after sufficient notice has been given by the trial court and the offending party continues to ignore its responsibilities and the court's orders. In short, a motion for summary judgment is not the proper mechanism to resolve a discovery dispute.

**{¶ 22}** Civ.R. 37 provides the parties and the trial court with the appropriate

mechanism for addressing alleged discovery violations. Indeed, FCI recognized this and filed a motion to compel responses to its first request for production of documents. This Civ.R. 37 motion to compel was pending at the time FCI moved for summary judgment. But the trial court never addressed the merits of FCI's motion to compel. Instead, the trial court granted the motion for summary judgment based on an incorrect finding that FCI had satisfied its initial summary judgment burden. The trial court erred in granting summary judgment to FCI. Civ.R. 56; *Dresher*.

**{¶ 23}** The sole assignment of error is sustained.

III. Conclusion

**{¶ 24}** Having sustained the sole assignment of error, we will reverse the judgment of the trial court and remand the matter for further proceedings.

. . . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.